[No. 6,438.—In Bank.]

# SAN FERNANDO FARM HOMESTEAD ASSOCIATION v. GEORGE K. PORTER ET AL.

MOTION FOR NEW TRIAL—NOTICE OF FILING OF FINDINGS—INFANT—GUARD-IAN AD LITEM—JUDGMENT BY CONSENT—PARTITION.—After the Court has passed upon the partition made by the referees and approved it, the guardians of infant parties are authorized to consent to the judgment as entered, and in such case it is not necessary to notify them of the judgment in order to impose upon them the obligation to move for a new trial within ten days after the judgment, if they could under the circumstances prosecute such motion.

APPEAL from an order denying a new trial in the Seventeenth District Court, County of Los Angeles. SEPULVEDA, J.

*John S. Chapman, J. G. Eastman, R. M. Widney,* and *J. A. Graves,* for Appellants.

No notice was ever given of the decision until October 11th, 1878. Our motion was, therefore, in time. (*Carpentier* v. *Thurston,* 30 Cal. 125; *Burnett* v. *Stearns,* 33 id. 472; *Cottle* v. *Leitch,* 43 id. 320; *Sawger* v. *San Francisco,* 50 id. 375.) Our right was not cut off by the operation of the Code. (Code Civ. Proc., § 659.) By the provisions of that section the notice was required to be filed within thirty days after the decision or verdict. The effect of the section was, therefore, to terminate the right to move immediately upon the taking effect of the Code, if it applied at all. But the Code did not intend to destroy our right to move for a new trial. (Code Civ. Proc., §§ 8–18.) There is nothing in *Kelly* v. *Larkin,* 47 Cal. 58, contrary to this view. There notice of judgment was served before the Court took effect, and the question was as to the sufficiency of the statement, which was prepared and authenticated as provided by the Practice Act. This Court held it insufficient. Indeed, the Code provides, while preserving the right, that the procedure should be according to the Code. (Code Civ. Proc., § 8.) A judgment can not be taken against an infant by consent. (1 Danl. Neg. Instruments, 225, marginal, 220; *Waterman* v. *Lawrence,* 19 Cal. 210; *Fischer* v. *Fischer,* 54 Ill. 231; *Tucker* v. *Bean,* 65 Me. 352; *Turner* v. *Jenkins,* 79 Ill. 228.)

*Glassell, Smith & Smith,* for Respondent.

The motion comes too late. By § 659, Code of Civil Procedure, a party intending to move for a new trial must file and serve his motion "within thirty days after the decision or verdict." The right to move for a new trial was, therefore, waived. (*Kelly* v. *Larkin,* 47 Cal. 58; *Hodgdon* v. *Griffin,* 56 id. 610.)

Thornton, J.:

This is an appeal prosecuted by defendants Porter and Maclay from an order denying their motion for a new trial. The action was partition. We find in the transcript what is called an interlocutory decree in partition, made and entered on the 6th of December, 1870, and a judgment in partition, to which all parties consented, entered on the 24th of March, 1871. There are some modifications of the judgment mentioned, the last of which was on the 28th of May, 1877, and related to the costs of the action. The appellants were not originally parties to the action, but were made so by an order substituting them for certain defendants, entered on the 8th day of August, 1878. The notice of intention to move for a new trial was filed on the 9th day of August, 1878.

Treating the judgment entered in this cause either as interlocutory or final, the motion for a new trial was made too late. The party intending to move for a new trial must within ten days after notice of the decision of the Court where the cause was tried, as in this case, by the Court, file with the clerk and serve upon the adverse party a notice of his intention to make such motion. (§ 659, Code Civ. Proc.) The judgment was valid. It may have been erroneous because entered against infants by consent of the guardians representing them, but it was not void. Under such circum-stances it might have been reversed as to the infants on appeal. There is here no appeal from the judgment; and, in fact, the time for appealing from it had long passed, when the notice of the motion for a new trial was given. It is recited in the judgment that the partition made by the commissioners was, as appears from their report, made as directed and determined by the Court in its interlocutory decree, and this was done without any objection or exception to the report.

It thus appears that the Court passed on the partition made, and approved it. Under such circumstances we think that the guardians of the infants were authorized to consent to the judgment as entered—that is to say, after the Court had passed on the partition made, and approved it. Having thus consented to the judgment as entered, we see no necessity for any notice to them of the judgment in order to impose on them the obligation to move for a new trial within the ten days after the judgment, if they could, under the circumstances, prosecute such motion. This obligation to move was not affected by the subsequent modifications of the judgment, since the matters which the moving parties wished to review on their motion for a new trial all occurred before the entry of the judgment in 1871. The same reasoning applies to their right to move prior to the Code of Civil Procedure taking effect in 1873.

We see no error in the ruling of the Court below.

The order is affirmed.

SHARPSTEIN, J., and McKEE, J., concurred.

McKINSTRY, J., concurred in the judgment.

Ross, J., being disqualified, took no part in this decision.