## LEWIS et al. v. GOFORTH et al.

No. 10885—Opinion Filed Sept. 18, 1923.

Rehearing Denied Dec. 18, 1923.

(Syllabus.)

**Guardian and Ward—Partition—Authority of Guardian to Agree to Partition of Wards' Lands.**
Neither section 5493, Comp. Laws 1909, nor section 6546, Rev. Laws 1910, authorized the guardian of minors, who were the owners of an undivided two-thirds of a tract of land, to enter into a partition agreement with the owner of the other one-third thereof, either with or without the approval of the county judge, and an agreement entered into between such parties attempting to partition said land is void.

Error from District Court, Bryan County; J. M. Crook, Judge.

Action in ejectment by Effie Lewis and others against Lena May Goforth and others. Judgment for defendants, and plaintiffs appeal. Reversed and remanded.

H. H. Loden, for plaintiffs in error.

O. R. Fowler and Hatchett & Ferguson, for defendants in error.

NICHOLSON, J. This was an action in ejectment, brought by Effie Lewis, nee Johnson, and Lula Johnson, as plaintiffs, against Lena May Goforth et al., as defendants, to recover the possession of an undivided two-thirds of 80 acres of land situate in Bryan county, and being a portion of the lands, exclusive of homestead, allotted to Mary Simon, nee Johnson, the mother of the plaintiffs.

Mary Simon, nee Johnson, died on or about the 23rd day of December, 1909, intestate, seized of 240 acres of land which had been allotted to her by the Choctaw and Chickasaw Nations, and leaving surviving her, as her sole heirs at law, her husband, Albert Simon, and the plaintiffs, all of whom are full-blood Mississippi Choctaw Indians.

On January 20, 1910, Albert Simon, surviving husband of the deceased allottee, conveyed to Forest H. Johnson, by warranty deed, an undivided one-third of said lands, which conveyance was duly approved by the court having jurisdiction of the settlement of the estate of the deceased allottee.

On May 16, 1910, Forest H. Johnson and E. Schlegal, guardians of the estate of Lula and Effie Johnson, minors, entered into an agreement by the terms of which said land was partitioned, and wherein it was agreed that the interests of said minors in and to the 80 acres of land in controversy were divested and extinguished, and the interest of Johnson in and to the remaining 160 acres of land allotted to Mary Simon, nee Johnson, was divested and extinguished, and that each of said parties should have and hold the land set apart to them by said agreement. Said agreement was approved by order of the county court of Bryan county on May 17, 1910. Afterward, Forest H. Johnson conveyed by warranty deed the 80 acres of land in controversy to the defendants.

The only question involved is whether or not the partition agreement is valid.

It will be observed that this was not a partition through the district court, nor was it a partition through the county court

in an administration proceeding, but was merely a voluntary agreement between the guardian of the minors, the owners of two-thirds of the land, and Forest H. Johnson, the owner of one-third thereof, by which it was attempted to divest the minors of their interest in the land involved and vest it in Johnson.

The only semblance of statutory authority for this action is section 5493, Comp. Laws 1909, which was in force at the time the agreement was entered into, and which reads as follows:

"The guardian may join in and assent to a partition of the real estate of the ward, whenever such assent may be given by any person."

This provision was afterwards amended to read as follows:

"The guardian may join in and assent to a partition of the real estate of the ward with the written approval of the county judge, whenever such assent may be given by any person." (Sec. 6546, Rev. Laws 1910.)

In our opinion, this statutory provision had no reference to a voluntary partition, and its purpose was to authorize the guardian to assent to a partition by a court of competent jurisdiction, either in a proceeding instituted for that purpose, or in the distribution of an estate as provided for by article 13, Comp. Laws 1909 (article 11, Rev. Laws 1910), wherein provision is made for the appointment of three disinterested persons as commissioners, or upon consent of the parties, the appointment of one commissioner only, to make partition, etc.

Under a statutory provision in many respects similar to section 5493, supra, the Supreme Court of California held that after the court had passed upon the partition made by the referee, and approved it, the guardians of infant parties were authorized to consent to the judgment as entered, and thus obviate the necessity of notice of the judgment as required by the statutes of that state. San Fernando Farm Homestead Ass'n v. Porter, 58 Cal. 81. But neither that court, nor any other, so far as we are advised, has ever held that similar statutory provisions authorized the guardian to enter into a voluntary partition agreement, either with or without the approval of the county judge.

The estates of minors can be administered, and such minors divested of their property, only in the manner provided by statute, and as the statute makes no provision for the partition of their lands in the manner

attempted, it follows that the partition agreement here under consideration is void, and neither of the parties acquired any rights thereunder.

The judgment of the trial court is reversed, and the cause remanded, with directions to enter judgment for the plaintiffs.

All the Justices concur, except McNEILL and COCHRAN, JJ., not participating.