### BILBY et al. v. NOBLE et al.

No. 13477—Opinion Filed March 10, 1925.

1. **Indians—Descent of Full-Blood Creek Allotment—Liability for Debts—"Assets" for Administration.**

The allotment of a full-blood Creek Indian, who died, intestate, after the Act of Congress of May 27, 1908, became effective, descended to the heirs of the decedent free and clear from any indebtedness created by the allottee, and said allotment is not an asset of the decedent's estate in the hands of an administrator, and the county court is without jurisdiction to authorize the sale thereof by the administrator.

2. **Guardian and Ward—Partition of Land—Approval of County Judge—Statutes.**

Section 1457, Comp. Stat. 1921, providing that the guardian of a minor may join in and assent to the partition of the real estate of a ward, with the written approval of the county judge, has no application to an action in the district court for the partition of real estate in which the minor is interested, and in such case it is not necessary to procure the written approval of the county judge to maintain or defend an action in the district court for partition, on behalf of the minor.

(Syllabus by Jarman, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Muskogee County; Guy F. Nelson, Judge.

Action by Mandy Noble et al. against Newman Tiger et al. Judgment for plaintiffs, and defendants bring error. Affirmed.

W. O. Rittenhouse and John C. Graves, for plaintiffs in error.

J. S. Severson, for defendants in error.

Opinion by JARMAN, C. This controversy involves lands allotted to Mary Tiger, a duly enrolled, full-blood Creek Indian, who died, intestate, in May, 1910, seized and possessed of her allotment, and left surviving her husband, Ben Tiger, and Mandy Noble, nee Tiger, and Annie Tiger, daughters, and John Washington Tiger, son, all full-blood Creek Indians. In 1915, Ben Tiger died, intestate, seized of his inherited interest in said lands and left surviving, as his next of kin and heirs at law, Hattie Tiger, his wife by second marriage, and Newman Tiger, a son by said second marriage, and the three children, above named, by the first marriage. After the death of Mary Tiger, the allottee of the lands in question, an administrator was appointed for

her estate and said lands were sold to one Leonard, through an administrator's sale for the payment of debts of the decedent and the funeral expenses and costs of administration, and a deed to said land was executed by the administrator to Leonard, and, through mesne conveyances, the defendant Bilby claimed to own said lands and went into possession thereof.

The original action in the district court was brought by Mandy Noble, nee Tiger, and Annie Tiger, adults, and John Washington Tiger, minor, by A. K. Webb, his legal guardian, as plaintiff, against Newman Tiger, a minor, Hattie Tiger, an incompetent, and Bilby, as defendants, to quiet title to the respective interests of the plaintiffs in said land and to recover possession thereof from the Bilbys. A guardian ad litem was appointed to defend for Newman Tiger, a minor, and Hattie Tiger, an incompetent, and said guardian ad litem, for and on behalf of his wards, filed an answer to the petition of the plaintiffs and a cross-petition, asking that said wards be adjudged to be the owners of the respective interests they inherited in said land, and that title thereto be quieted and that said lands be partitioned. Thereafter, the plaintiffs filed a reply in which they, too, prayed for a partition of said lands.

The trial court held that the allotment of Mary Tiger, a full-blood Creek Indian, could not be sold for the payment of the debts of the decedent, and, therefore, was not an asset of her estate in the hands of the administrator, and that the deed executed by the administrator to said lands was void, and entered judgment, cancelling said deed, and awarded to the heirs of Mary Tiger, deceased, the possession of said lands and quieted title thereto and decreed that the same be partitioned among the heirs, according to their several interests therein. From this judgment Bilby has appealed.

The first contention of plaintiff in error is that the court erred in holding that the allotment of Mary Tiger was not subject to sale by the administrator for the debts of the decedent and for the payment of her funeral expenses and the costs of the administration. This question has been settled a number of times adversely to the contentions of the plaintiff in error, and the trial court properly held that the lands, comprising the allotment of Mary Tiger, deceased, a full-blood Creek Indian, could not be sold by the administrator for the payment of the debts of said decedent and that the same were not assets of the estate of the decedent in the hands of the administrator.

Eastern Oil Company v. Harjo, 57 Okla. 676, 157 Pac. 921; Barnard v. Bilby, 68 Okla. 63, 171 Pac. 444.

The next contention is that the trial court was without jurisdiction to order a partition of said lands for the reason that the county judge did not give his written approval to the guardian's joining in and assenting to a partition of said lands as required by section 1457, Comp. Stat. 1921, as follows:

"The guardian may join in and assent to a partition of the real estate of the ward with the written approval of the county judge, whenever such assent may be given by any person."

This section originally was section 5493, Comp. Stat. 1909, and read:

"The guardian may join in and assent to a partition of the real estate of the ward, whenever such assent may be given by any person."

It will be noted that the only difference between the original section and the section as amended is that the written approval of the county judge must be had to authorize the guardian to do the things therein referred to. Otherwise stated this section could be made to read, "whenever an adult or any other person may assent to a partition of real estate, the guardian may do so with the same right and authority." In other words, this statute attempts to place the ward on exactly the same footing, with respect to partitioning real estate, as adults, with the protection thrown about the ward of having the county judge to approve of the partition as to him. There are two ways by which land may be partitioned— by voluntary acts of the parties and by an action in court. To which one of these methods does the statute above set out refer? We think the statute refers only to a voluntary partition. We believe the language therein used, compels us to arrive at this conclusion. This section states that the guardian may **join in** and **assent** to the partition, which plainly implies that there first must be an agreement among the parties to divide the land and also an agreement as to the particular portion of the land that is to go to each of the parties. How can it be said that the bringing of a lawsuit, calling upon the court to exercise its powers and say to the parties, including minors, regardless of whether they want it done, that the land shall be divided in a certain manner and providing that, in the event it cannot be divided equally, the entire tract shall be sold and the proceeds divided, amounts to a **joining in and assenting**

to a partition? We have been unable to find any decision that would support that kind of theory and the language of this statute is not susceptible of such construction.

This section of the statute was referred to by the court in the case of Lewis v. Goforth, 96 Okla. 186, 221 Pac. 428, and some comments were there made by the court with reference to it, but the question, here involved, was not involved in the Goforth Case. There the guardians of minor wards, who owned undivided interests in certain real estate, entered into a contract with the owner of the remaining interest therein to divide and partition said lands, and the question was whether the agreement, entered into between the guardians of the minors and Johnson, the owner of the remaining interest in the land, whereby it was undertaken to divest the minors of their interest in said lands and vest the same in Johnson, was valid, and the court held that minors cannot be divested of their property in such manner but only in the manner as provided by statute.

The partition, in the instant case, was not sought by the guardian of one of the plaintiffs but by the guardian of the defendants. Can it be said that, before a hearing can be had on a cross-petition of the defendants for a partition, the guardian of a minor plaintiff would have to procure the written consent and approval of the county judge to the partition proceedings before the case could be proceeded with? If this were true, it would necessitate a continuance of the case, where a regular guardian had not been appointed for the ward until such guardian could be appointed by the county court and, under the theory of plaintiff in error, if the defendant is a minor and partition is sought by the plaintiff, the case could not be heard or disposed of in the district court until a guardian is appointed by the county court, if one were not already appointed, and this, notwithstanding the fact that the defense of the minor defendant would be made by a guardian ad litem, over whom the county court would not have jurisdiction.

Section 1457, supra, has reference to probate procedure and not to civil actions in the district court; this section is a portion of chapter 5, art. 14, Comp. Stat. 1921, styled, "Procedure Probate—Guardian and Ward", and has no application to actions of this nature.

Judgment of the trial court is affirmed.

By the Court: It is so ordered.

Note.—See under (1) 31 C. J. p. 522; (2) 30 Cyc. p. 156.