Note.—See under (1, 2) 29 Cyc. p. 695. (3) 36 Cyc. p. 1073. (4) 29 Cyc. p 703.

---

## TITLE GUARANTY & SURETY CO. OF SCRANTON, PA., v. OWENS.

No. 16172—Opinion Filed March 9, 1926.

Rehearing Denied March 23, 1926.

(Syllabus.)

1. **Guardian and Ward—Sureties on Bond Concluded as to Amount of Liability by County Court's Decree on Final Accounting.**

Sureties on a guardian's bond are, in the absence of fraud, concluded by the decree of the county court, duly entered, in a hearing on an accounting, or final settlement, as to the amount of the principal's liability, although the sureties are not parties to the accounting.

2. **Same—Liability on Sales Bond.**

Where a guardian receives payment for the sale of lands in 1911, and a sale bond is executed in 1913, and thereafter confirmation of the sale of the real estate involved was had, and the guardian is shown to be in default, in his final accounting in the county court, for as much money as derived from the said sale of lands, held, the sureties on the said sale bond are liable.

Error from District Court, Pontotoc County; J. W. Bolen, Judge.

Action by G. W. Owens against the Title Guaranty & Surety Company of Scranton, Pa., as surety on a sales bond for the guardian of plaintiff, for recovery of money due

plaintiff from guardian. Judgment for plaintiff, from which defendant appeals. Affirmed.

Kent V. Gay, for plaintiff in error.

B. C. & A. W. Wadlington, for defendant in error.

RILEY, J. The defendant in error, Owens, in July, 1924, filed his petition in the district court of Pontotoc county against the plaintiff in error as surety on the sales bond for the guardian of the defendant in error. Issue was joined, a jury waived, and the court found as follows:

"You have got to take all the record together. The record shows there was a land sale after the execution of this bond, and the record further shows that this money was received in 1911, before the bond was executed. The oral evidence shows that that was the only sale made. I think from the record, oral evidence, and records that this bond was given for guarantee. I will give judgment to plaintiff in the sum of $464.30, with 6 per cent. from the 8th day of October, 1915."

On the 10th day of November, 1924, the court rendered judgment in accord with the findings, in the sum of $464.34, with six per cent. interest from October 8, 1915, and cost.

The record shows that the additional sales bond was executed on July 7, 1913, by the guardian, with plaintiff in error as surety; that thereafter, and on July 19, 1913, confirmation of the sale of real estate was had. That on October 8, 1915, the county court made an order settling final account and discharging the guardian and showing an indebtedness of the guardian to the ward in the sum of $732.10. $600 of the $1,157.62 received by the guardian was from the sale of the land.

Assignments of error are: Overruling motion for a new trial; the decision of the court not being sustained by sufficient evidence and being contrary to law; error occurring at the trial, and overruling motion of plaintiff in error for judgment.

Plaintiff in error groups these assignments, and we shall consider them collectively.

It is asserted that a cause of action accrues against the sureties on a guardian's bond when the guardian is removed and his accounts showing an indebtedness to his ward are settled by the formal order of judgment of the county court. We concur in this statement of the law as announced in Brewer v. Perryman, 62 Okla. 176, 162 Pac. 791; Anderson v. Anderson, 67 Okla. 61, 165 Pac. 145; Title Guaranty & Surety Co. v. Cowan, 71 Okla. 299, 177 Pac. 563, and Cook v. Ceas (Cal.) 77 Pac. 65, and conclude that it is counsel's contention that there was no final settlement of the account and discharge of the guardian, and therefore, no action had accrued.

However, we observe that the record shows conclusively that the county court made an order settling the final account of the guardian, Nealey A. Owens, and discharged him, and such being the record, any amount due the ward from the sale of the land covered under the additional sales bond is subject to an action for recovery on the bond. As stated in the case of Southern Surety Co. v. Burney, 34 Okla. 552, 126 Pac. 748:

"Sureties on a guardian's bond are, in the absence of fraud, concluded by the decree of the county court, duly entered, in a hearing on an accounting, or final settlement, as to the amount of the principal's liability, although the sureties are not parties to the accounting."

The record shows that there was a land sale after the execution of the bond sued upon, and, further, that the money therefor was received in 1911, and before the bond was executed. The records of the county court are silent as to any other sale. Oral evidence shows that only the one sale of land was made.

The only proposition we think worthy of note is whether a guardian can sell his ward's lands and receive payment before confirmation of the sale, thereafter neglect to settle with the estate and thereby release sureties on the bond covering the sale, which bond was executed after the money was received, but before confirmation. This we answer in the negative, for the guardian has defaulted in his duties under the sales bond and violated his trust in failing to account for money derived from the sale.

The judgment is affirmed.

NICHOLSON, C. J., and PHELPS, LESTER, HUNT, and CLARK, JJ., concur.

Note.—See under (1) 28 C. J. pp. 1294, 1295 § 498; 12 R. C. L. p. 1165. (2) 28 C. J. p. 1290 § 486.