## WALKER v. SIGGENS et al.

No. 16802—Opinion Filed June 29, 1926.

**1. Guardian and Ward—Sale of Minor's Real Estate Not Subject to Collateral At--tack on Ground of Jurisdiction of Another Court, in Absence of Showing on Face of Record that Court Acted Without Jurisdiction.**

Where a county court of one county had acquired jurisdiction of the guardianship of a minor, and subsequenty the county court of another county, the domicile of the minor, made an order appointing another guardian for said minor, which guardian, through partition in the district court, caused sale of the ward's real estate to a purchaser in good faith who relied upon the record of the second court for the validity of the appointment of such second guardian, such sale cannot be collaterally attacked on the ground of the exclusive jurisdiction of the first court, when nothing appears upon the record of the second court showing that the court acted without jurisdiction.

**2. Same—Written Approval of County Judge not Necessary to Enable Guardian to Maintain or Defend Action in District Court for Partition.**

Section 1457, C. O. S. 1921, providing that the guardian of a minor may join in and assent to the partition of the real estate of a ward, with the written approval of the county judge, has no application to an action in the district court for the partition of real estate in which the minor is interested, and in such case it is not necessary to procure the written approval of the county judge to maintain or defend an action in the district court for partition, on behalf of the minor.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court Rogers County; C. H. Baskin, Judge.

Action by Gertrude Walker, nee McGee, against H. A. Siggens et al. Judgment for defendants, and plaintiff appeals. Affirmed.

R. M. Dick, for plaintiff in error.

Rainey, Flynn, Green & Anderson, Holtzendorff & Holtzendorff, Calvin Jones, and Frank Ertell, for defendants in error.

Opinion by ESTES, C. Plaintiff, Gertrude Walker, nee McGee, now sui juris, sued in the district court of Rogers county, alleging that on November 7, 1918, while a minor, she inherited certain interest in described lands from her father, mother, and sister; that defendants Siggens et al. claimed title and possession of the land as purchasers at partition sale in the district court of Sequoyah county, the situs of the land being in Rogers and Sequoyah counties. She prayed for decree quieting title in herself, for damages and rents. Defendants answered, relying on the partition proceedings, and prayed the quieting of title in themselves, judgment being for defendants accordingly, from which plaintiff appeals. The cause was tried to the court on a stipulation of facts in writing, from which the alleged invalidity of title in defendants, relied upon by plaintiff, will appear. The undivided interest of plaintiff in the lands was stipulated, and, also, that in 1912, Gertrude, a minor, resided in Rogers county with her mother, Peggy Walker, and with her grand.ather and grandmother, Jacob and Polly Young, her father being dead; that in 1912, in Rogers county, plaintiff's mother, Peggy Walker, was appointed her guardian, the proceedings being regular in all respects on their face, and continued until 1918, when her said mother died; that thereafter, said Gertrude still being a minor, her said grandmother and grandfather moved to Muskogee county, taking with them the said Gertrude, who continued to reside with them; that the guardianship was never removed from Rogers to Muskogee county, but said grandmother, Polly Young, made application and caused the appointment of R. E. Coleman as the guardian of the person and the estate of said Gertrude in the county court of Muskogee county; "that the appointment of the said R. E. Coleman as guardian in Muskogee county is legal in all respects upon the face of the record"; that Coleman continued as guardian until November 1, 1923, the said Gertrude becoming sui juris on April 17, 1923; that Gertrude Walker, then sui juris, by her attorneys objected to the final report of said Coleman, her objections being overruled, she giving due notice of intention to appeal, but never did appeal from the order approving such report and discharging Coleman; that on June 10, 1922, the said R. E. Coleman "acting as guardian and next friend of the said Gertrude Walker, filed in the district court of Sequoyah county," he situs of part of the land, a petition for the par-

tition of the real estate; that the sale of the lands was made by the sheriff of Rogers county, situs of part of the land, and that defendants Siggens and Nichols became the purchasers thereof in accordance with their respective answers in this case, copies of all the proceedings in the guardianship, wherein Coleman was appointed in Muskogee county, and of the partition proceedings in the district court in Sequoyah county, being made part of the stipulation of facts, including the order confirming the sheriff's sale to defendants in partition; that the proceedings in partition in said district court "are regular in all respects upon their face," and sheriff deeds were duly issued to defendants, the amounts being paid by defendants to the sheriff of Rogers county; that on June 30, 1923, Gertrude Walker, being sui juris, filed her motion to vacate and set aside the order of sale in partition, showing that the action in partition was brought by "Gertrude Walker, by her guardian and next friend, R. E. Coleman v. Thos. J. Johnson et al.," alleging, as grounds, that she did not know of, or consent to, such partition, and that the proceedings were instituted in order to defraud her, praying that the order of sale be set aside, and, for affirmative relief, that title to the real estate be vested in her and the other owners; that she appeared in the district court of Sequoyah county by her attorneys on the hearing of her said motion, and the same was overruled, and that no appeal was ever prosecuted therefrom; that defendants "had no notice or knowledge of any fraud or defects in any of the said proceedings, in fact, any fraud or defect existed other than as disclosed by the records in the county court of Rogers county, the county court of Muskogee county, and the district court of Sequoyah county."

1. The errors assigned by plaintiff here, consonant with said stipulation of facts, raised only the question of jurisdiction, that is, whether the county court of Muskogee county acquired jurisdiction to appoint Coleman as guardian, inasmuch as a guardian had been appointed theretofore in Rogers county, where the said Gertrude then resided, it being conceded that the county court of Muskogee county had no notice of the pendency of the guardianship in Rogers county, and acted in good faith when it appointed Coleman. It thus seems that the question is one of jurisdiction of the county court of Muskogee county over the subject-matter, the contention of plaintiff being that since, by reason of the pendency of the guardianship in Rogers county, the county court of

Muskogee county had no jurisdiction to appoint Coleman, he was without authority to institute the partition action and the judgment therein was void.. Under the stipulation that the proceedings of the county court of Muskogee county are fair and regular on their face, same are not, of course, void on their face. If they were, they could be attacked at any time or place, and it would be immaterial whether the attack be denominated direct or collateral. Under the stipulation and assignments of error herein, if said proceedings be void, it is because of the prior jurisdiction exercised by the county court of Rogers county in the same matter. The attack herein on the partition proceedings of the district court of Sequoyah county, by which defendants deraign their title, on such ground that Coleman was not legally her guardian, is a collateral attack. In Burton v. Colley et al., 113 Okla. 265, 242 Pac. 185, it is held that where a county court of one county had acquired jurisdiction of the guardianship of a minor, and subsequently the county court of another county, the domicile of the minor, made an order appointing another guardian for said minor and ordered his real estate sold, and said real estate was sold to the purchaser in good faith, who relied upon the record of such court, such sale cannot be collaterally attacked on the ground of exclusive jurisdiction of the first court, when nothing appears on the face of the record of the second court showing that the court acted without jurisdiction. This rule is decisive against plaintiff on the jurisdictional question presented so as aforesaid, because, under the agreement, the proceedings of the county court of Muskogee county, in the matter of the appointment of Coleman as such guardian, are fair and regular on their face, and do not show that the court acted without jurisdiction in the appointment of Coleman, and defendants relied upon his being the duly appointed, qualified, and acting guardian of Gertrude Walker in instituting and prosecuting said partition suit in the district court of Sequoyah county, wherein and whereby defendants became purchasers in good faith of the real estate. Under said authority, said contention of plaintiff is untenable.

It is also unnecessary to determine whether, as conceded by defendants, the bringing of the partition suit by Gertrude Walker, by Coleman as her guardian and next friend, was competent to validate same, irrespective of the legality of Coleman's appointment, predicated on the theory that the infant was the real party in interest

and acted through Coleman as her next friend.

2. It is necessary, however, to dispose of the contention of plaintiff that, if Coleman's appointment were valid, he did not procure the written approval of the county judge for bringing such partition action under section 1457, C. O. S. 1921. Bilby et al. v. Noble et al., 106 Okla. 302, 234 Pac. 198, is conclusive against this contention.

"Section 1457, C. S. 1921, providing that the guardian of a minor may join in and assent to the partition of real estate of a ward, with the written approval of the county judge, has no application to an action in the district court for the partition of real estate in which a minor is interested, and in such case it is not necessary to procure the written approval of the county judge to maintain or defend an action in the district court for partition, on behalf of the minor."

Let the judgment be affirmed.

By the Court: It is so ordered.