## FRANKS et al. v. FRANKS.

No. 20997. Opinion Filed Feb. 9, 1932.

Humphrey & Spence, for plaintiff in error United States Fidelity & Guaranty Company.

Hamilton, Gross & Howard, for plaintiffs in error J. J. Page and W. S. Crowe.

Leander Hall, G. K. Sutherland, and Hugh C. Jones, for plaintiff in error W. C. Franks.

Nicklin & Marteney and D. B. Horsley, for defendant in error.

HEFNER, J. This action was brought in the district court of Osage county by Cora Anna Franks against W. C. Franks, J. J. Page, W. S. Crowe, and the United States Fidelity & Guaranty Company to recover on a guardian's bond. The defense was that there was no judgment rendered in the county court which settled the final accounts of the guardian and which established an indebtedness against him in favor of his ward, and that the suit was therefore prematurely brought. The trial was to the court, and resulted in judgment in favor of plaintiff for the sum of $6,476.79.

On appeal, the defendants contend that the court erred in overruling their demurrers to plaintiff's petition, and in overruling their demurrers to the evidence. This contention is based on the theory that plaintiff neither pleaded nor proved that a final judgment or order was ever entered in the county court settling the guardian's account. If this contention be correct, the judgment must be reversed.

In the case of Title Guaranty & Surety Co. v. Owens, 114 Okla. 166, 244 P. 591, this court said:

"It is asserted that a cause of action accrues against the sureties on a guardian's bond when the guardian is removed and his accounts showing an indebtedness to his ward are settled by the formal order of judgment of the county court. We concur in this statement of the law as announced in Brewer v. Perryman, 62 Okla. 176, 162 P. 791; Anderson v. Anderson, 67 Okla. 61, 165 P. 145; Title Guaranty & Surety Co. v. Cowan, 71 Okla. 299, 177 P. 563. * * *"

Again, in the case of Pennington v. Newman, 36 Okla. 594, 129 P. 693, this court held:

"Neither an administrator, nor the sureties on his bond, may be sued for breach of his administrator's bond until there has been a settlement or final accounting in the county court, and a decree entered therein, showing the balance due, or some other breach of the conditions of the bond, and the failure on the part of the administrator to comply with the decree entered on the settlement or accounting."

Under the rule announced in the above cases, it is well settled that, until there has been a settlement or final accounting in the county court and a decree entered therein showing the balance due or some other breach of the conditions of the bond, no suit can be maintained on the bond.

The question for our determination is, Does the evidence establish that a formal order or judgment was rendered settling the guardian's accounts? The evidence discloses the following facts: On December 13, 1920, plaintiff was adjudged an incompetent by the county court of Osage county, and W. C. Franks was appointed her guardian. The other defendants are sureties on the guardian's bond. On November 19, 1926, plaintiff was, by that court, restored to competency, and on January 7, 1927, defendant Franks, as guardian, filed his final account and prayed that his accounts be settled and adjusted and that he be discharged. Plaintiff filed exceptions to the account and a hearing was had thereon and concluded on the 27th day of January, 1927. The county court, among other findings, found that:

"The court further holds that, on and after his appointment as guardian of the said Cora Anna Franks, incompetent, Mary Belle Franks, Anna Mae Franks, and Ida Odell Franks, minors, any and all moneys and property of either or all of said wards, received and disbursed by the said W. C. Franks, were received and disbursed by him as guardian and must be accounted for by him as guardian and must be accounted for by him in his reports as such guardian. All items of receipts and disbursements contained and set forth in the reports of said W. C. Franks, guardian, antedating his appointment as such guardian are therefore ordered stricken from the aforesaid reports. Likewise, all moneys and property of said Cora Anna Franks, Mary Belle Franks, and Anna Mae Franks, and Ida Odell Franks, minors, or either of them received, or disbursed by the said W. C. Franks, on and after December 22, 1920, when the said W. C. Franks was appointed guardian as aforesaid, and not included in his aforesaid reports as such guardian and therefore ordered to be therein properly inserted and accounted for by said guardian. * * *

"According to exhibit 'A,' which is an account of W. C. Franks, guardian of Cora Anna Franks, the said Cora Anna Franks owns an undivided one-fourth interest in and to lots 16, 17, 18, 19, and 20 in block 1, of Haynes addition to the city of Hominy, Okla., and there is due from said W. C. Franks, guardian, to the said Cora Anna Franks, the sum of $6,476.79. * * *"

Thereafter, the following order was entered:

"Now, on this 11th day of October, 1927, the motion of W. C. Franks, guardian, to modify the findings of facts and order and judgment of the court rendered herein on the 4th day of October, 1927, comes on to be heard. Said movant being present by Leander Hall, his attorney, and Cora Anna Franks being present in person and by D. B. Horsley, her attorney.

"The court, having heard said motion and after being duly advised in the premises, doth overrule the same.

"It is, therefore, considered and ordered by the court that the motion be and the same is by the court denied and overruled. To which ruling of the court said movant at the time excepts and his exceptions are allowed by the court."

No appeal was taken from this order. It seems to us that, when the orders are considered as a whole, they are sufficient to direct the guardian to pay the balance due. The parties construed it as an order to pay. After the original order was entered, the guardian filed a motion to modify the findings of facts and order and judgment of the court. The court refused to make the modification. The guardian gave notice of appeal, but no appeal was taken. We think the orders are sufficient to show a final accounting and an order to pay the balance due.

It is urged that section 1398, C. O. S. 1921, was not complied with, in that the judge did not sign the minutes in accordance with the provisions of this section. It is as follows:

"Orders and decrees made by the county court, or by the judge thereof, need not recite the existence of facts, or the performance of acts upon which the jurisdiction of the court or judge may depend, but it shall only be necessary that they contain the matters ordered or adjudged, except as otherwise provided in this chapter. All orders and decrees of the court or judge must be entered at length in the minute book of the court, and upon the close of each regular or special term, the judge must sign the same."

The provision of this statute which requires the county judge, upon the close of each regular or special term, to sign the minutes of the court is not mandatory, but directory.

Defendant Franks pleads the statute of limitation. This plea cannot be sustained. Plaintiff was restored to competency on November 19, 1926, and this action was brought August 9, 1928. The action having been brought within five years after plaintiff's restoration to competency, under authority of the case of Southern Surety Co.

v. Beal, 134 Okla. 118, 272 P. 375, plaintiff's cause of action is not barred.

There being no prejudicial error shown, the judgment of the trial court is affirmed.

LESTER, C. J., and RILEY, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., dissents. ANDREWS, J., absent.

Note.—See under (1) 12 R. C. L. 1149; 1165.