## DRUM v. CITIZENS TRUST CO. et al.

No. 27682. Nov. 2, 1937.

Rehearing Denied Dec. 6, 1938.

Application for Leave to File Second Petition for Rehearing Denied Jan. 24, 1939.

Joseph D. Mitchell and H. P. White, for plaintiff in error.

Hamilton & Howard and L. M. Colville, for defendants in error.

GIBSON, J. This action was commenced in the district court of Osage county by Charles Drum against E. S. Shidler, the administrator of the estate of his former guardian, John L. Bird, and the sureties upon Bird's bonds, the Citizens Trust Company and the United States Fidelity & Guaranty Company, to recover a money judgment for alleged failure on the part of said guardian to pursue and attempt to collect from his predecessor, one J. W. McCool, and McCool's surety, certain money and the value of certain property alleged by plaintiff to have been illegally paid out or disposed of by said McCool as reflected in McCool's guardianship reports. Judgment was for defendants, and plaintiff has appealed. The parties are referred to herein as they appeared at the trial, or by name.

The defendants Shidler and United States Fidelity & Guaranty Company filed separate pleadings in the trial court denominated "Motion and Plea in Abatement," wherein they sought abatement of the action on the ground of another action pending in the same court seeking the same relief from the same parties. Motion to quash service was filed on behalf of Citizens Trust Company, then dissolved, by certain of its officers. After hearing on the pleas in abatement, the court sustained same and entered judgment dismissing the action as to all defendants. This appeal is from that judgment.

The action pleaded in abatement was an appeal pending in district court from the order of the county court in the matter of settlement of Bird's final account as guardian wherein the county court had declined to surcharge Bird for the sums here sought to be recovered. Bird died while the appeal was pending, and the cause was revived in the name of his administrator.

Plaintiff says the court erred in sustaining the pleas in abatement, assigning a number of reasons, and that the court committed error in dismissing the cause as to all defendants when motion was pending to quash service of summons on behalf of one of the defendants.

We agree with defendants that the action of the court in dismissing the cause as to all defendants was correct. Under the circumstances here presented, whether or not there was actually an abatement, a question not here decided, does not matter,

if dismissal on other grounds was properly in order. There were such other grounds in this case, and those grounds were jurisdictional. The district court was without power to render judgment for the relief sought.

It is made clear by the record and briefs that no decree of devastavit and order surcharging the guardian or his estate with the sums here sought to be recovered were ever entered by the county court. Until that is accomplished, neither the guardian nor his sureties may be sued for the alleged default of the guardian. Franks v. Franks, 155 Okla. 91, 7 P. (2d) 866. In that case the court applied to a guardian and his surety the rule governing administrators and their sureties in such cases, and quoted as authority the holding in Pennington v. Newman, 36 Okla. 594, 129 P. 693, as follows:

"Neither an administrator, nor the sureties on his bond, may be sued for a breach of his administrator's bond until there has been a settlement or final accounting in the (probate) county court, and a decree entered therein, showing a balance due, or some other breach of the conditions of the bond, and a failure on the part of the administrator to comply with the decree entered on the settlement or accounting."

See, also, Smith v. Smith, 180 Okla. 312, 69 P.2d 392. And applying that rule, the court in the Franks Case held:

"The general rule is that, in order to maintain an action on a guardian's bond, there must be an adjustment of his accounts by the probate court and an order or judgment rendered surcharging his account or directing him to pay the amount found due."

The record clearly shows that this action could not be maintained. The county court order surcharging the guardian forms the basis of a suit of this character. The petition pleads no such order, and it is clear that none existed. Had the court treated the pleas in abatement as demurrers, as plaintiff insists it should have done, and in sustaining same had given plaintiff an opportunity to amend, it is clear that the petition could not have been amended to state a cause of action to be supported by competent evidence. We therefore see no reason for remanding the cause as on judgment on demurrer for further proceedings. If error was committed, it was merely of a technical nature, and harmless. It was made to appear to the trial court that no cause of action existed against any of the defendants. Its order of dismissal as to

all was eminently correct, although as to one defendant the dismissal may be said to have been on the court's own motion.

The judgment is accordingly affirmed.

OSBORN, C. J., and RILEY, PHELPS, and DAVISON, JJ., concur.