TWINE, Adm'r, v. EDWARDS et al.

No. 31643. Nov. 20, 1945.

Rehearing Denied Jan. 22, 1946.

*165 P. 2d 143.*

Charles A. Chandler, of Cleveland, Ohio, for plaintiff in error.

Forrester Brewster, of Muskogee, for defendants in error.

PER CURIAM. This is an action brought in the district court of Muskogee county by Harry Twine, administrator of the estate of Boley Vaughn, deceased, against H. H. Edwards and D. G. Hart, who, it is alleged, were appointed guardians of the estate of the deceased by the county court of Seminole county, and United States Fidelity & Guaranty Company, surety on their bond, for an accounting by defendants Edwards and Hart while acting as guardian and for a judgment against them and defendant surety company for such sum as may be found due on the accounting.

Plaintiff in his petition alleged that the county court of Seminole county was without jurisdiction to appoint a guardian over the person and estate of the deceased Boley Vaughn for the reason that at the time the appointment was made there was pending an undisposed of guardianship proceeding in the county court of Tulsa county, Okla.; that Boley Vaughn was adjudged incompetent by said court on the 5th day of May, 1924, and that such proceeding was still pending in said court at the time the appointment was made by the county court of Seminole county; that said county court of Seminole county first appointed Jim Vaughn guardian; that he was thereafter removed for failure to file proper bond, and that defendant Edwards was appointed his successor, and that upon his resignation D. G. Hart was appointed as his successor; that the said guardians took charge of the estate of deceased and misappropriated the same; that at the time of the resignation of the defendant Edwards. he filed his account, which was approved by the county court of Seminole county, and the property was turned over to 'his successor, D. G. Hart. D. G. Hart filed his final account, which was approved by the county court of Seminole county, and both the guardian and the surety on his bond was discharged and exonerated. Plaintiff further alleges that all of these proceedings of the county court were void for want of jurisdiction. Plaintiff attached to his petition as exhibits the proceedings of the county court of Seminole county appointing Edwards and Hart guardians, which show on their face that there was pending in the county court of Tulsa county guardianship proceedings over the estate of the deceased. Plaintiff then prayed for judgment for an accounting, for the setting aside of these orders and for judgment against the defendants Edwards and Hart personally and the defendant United States Fidelity & Guaranty Company as surety on the bond for any amount that might be found. due on the accounting. There is also an allegation that defendant surety company is a foreign insurance company.

H. H. Edwards and D. G. Hart, in

response to the petition and service of summons upon them, filed a special appearance challenging the jurisdiction over their person and in which they alleged that the court had no jurisdiction over their person because they resided in counties other than Muskogee; that H. H. Edwards was a resident of Tulsa county and was served in that county, and that D. G. Hart was a resident of Seminole county and was served there, and for that reason the court was without jurisdiction over their person and the summons served upon them was void; that the allegations set forth in the petition against the defendant United States Fidelity & Guaranty Company failed to state a cause of action and that service upon it in Muskogee county did not authorize a summons to be issued and served upon them in Tulsa and Seminole counties. There was also filed on behalf of United States Fidelity & Guaranty Company a special appearance challenging the jurisdiction of the court as to it over the subject matter of the action in which it is alleged that the court was without jurisdiction to determine or adjudicate any liability against it for the reason no judgment had been rendered against the guardians surcharging their accounts showing a balance due and owing by them to the ward.

The trial court sustained defendants' challenge to the jurisdiction of the court and rendered judgment dismissing plaintiff's cause of action. Plaintiff has appealed and assigns this ruling as error.

Defendants, in order to sustain the judgment, contend that the allegations set forth in plaintiff's petition failed to state a cause of action against the defendant United States Fidelity & Guaranty Company, and therefore the issuance and service of summons upon it in Muskogee county did not authorize service of summons upon them in Tulsa county and Seminole county. They contend that the petition was defective in that it failed to allege that there was an order or judgment rendered by the county court of Seminole county surcharging the guardians' accounts and directing them to pay the amount found due on such surcharge to their ward, Boley Vaughn. It is, of course, true, as a general rule, that no action can be maintained against the surety on a guardian's bond in the absence of a final order made by the county court appointing the guardian surcharging his account and rendering judgment against the guardian for the amount found due. Franks v. Franks, 155 Okla. 91, 7 P. 2d 866; Drum v. Citizens Trust Co., 184 Okla. 228, 86 P. 2d 308; Smith v. Smith, 180 Okla. 312, 69 P. 2d 392.

Plaintiff concedes this to be true as a general rule, but contends that it cannot be applied to the case at bar; that the county court of Seminole county was without jurisdiction to adjudge deceased, Boley Vaughn, incompetent and to appoint a guardian over his person and estate for the reason that there was at that time pending a guardianship proceeding in the county court of Tulsa county; that the county court of Seminole county was therefore without jurisdiction to require an accounting, and that the order made by the county court appointing guardian was void; that the invalidity of the order appeared upon the face of the record, and was therefore subject to collateral attack. We think plaintiff's contention in this respect must be sustained. It has been so held by this court in the following cases: Crosby v. Brewer, 68 Okla. 16, 158 P. 388; Powers v. Brown, 122 Okla. 40, 252 P. 27; Walker v. Siggens, 118 Okla. 266, 248 P. 567.

Plaintiff further contends that since defendants Edwards and Hart took possession of the property and estate of their ward under a void appointment, they will be treated in equity as guardians de facto and may be required by the ward to make an account of their proceedings in a court of equity. In support of this contention they rely upon the opinion of this court in the case of In re Mize's Guardianship, 193 Okla. 164, 142 P. 2d 116. It is there said:

"Where an adult is adjudged men-

tally incompetent and a guardian appointed for his estate by the county court on petition without notice to the alleged incompetent as required by 58 O. S. 1941, § 851, and the party so appointed presumes to manage said estate without letters of guardianship and without giving bond and qualifying as required by law, the county court acquires no jurisdiction of the person or the estate of said ward, and the party appointed became merely a de facto guardian, and the county court was without power to require him to render an account."

And it is further said:

"The entire matter is one of equitable cognizance for determination in a court exercising equitable powers. The county court does not have such powers."

"If Lucas actually assumed control of Mrs. Mize's property, purporting to act as a duly appointed guardian of her estate, she has her remedy in an action for an accounting. If he acted as guardian, he acted without legal right. One who so takes possession of the property of an infant or an incompetent person without right or lawful authority is treated in equity as a de facto guardian and may be required in equity to account for the property. And in such case he will be held subject to all the duties and liabilities of their duly appointed guardian. 28 C. J. 1065, sec. 19, 25 Am. Jur. 8, sec. 4; 38 A. L. R. 40, 41 (anno.)."

Under the authority of this case there is no question but that plaintiff might have filed an action in either the district court of Tulsa county or Seminole county against the defendants Edwards and Hart requiring them to render an accounting of their proceedings while acting as guardians de facto and to recover judgment against them for such amount as may be found due upon such accounting.

The question then remains as to whether or not the surety on the bond of such guardians could be joined as a party defendant in such action without a judgment first having been rendered against the guardians finding the amount due. We think this ques-

tion must be answered in the affirmative. It is generally held that such action may be maintained against the guardian and his surety in cases where there is no statute requiring a final accounting by the court appointing the guardian.

Where the guardian absconds without making a report or where after final action approving the account and discharging the guardian and his surety it is sought to set aside such order on the ground of fraud, to require an accounting and to recover a money judgment against the guardian and his surety on the amount found due on such accounting (28 C.J. 1318; Madison v. Buhl, 51 Idaho, 564, 8 P. 2d 271; Donnell v. Dansby, 58 Okla. 165, 159 P. 317; Francis v. Sperry, 71 Okla. 260, 176 P. 732; Johnson v. Henshaw, 80 Okla. 58, 193 P. 998), the petition states a cause of action, the joinder was proper and the action was rightly brought in Muskogee county.

It is alleged in the petition that Boley Vaughn was a resident of Muskogee county at the time of his death; that the administrator was also a resident of that county at the time he was appointed and at the time this action was brought; that defendant surety company was a foreign insurance corporation. The petition stated a cause of action over which the district court of Muskogee county had jurisdiction. It therefore follows that service of summons on defendant surety company in that county authorized service upon defendants Edwards and Hart in Tulsa and Seminole counties. Wray v. Ferris, 187 Okla. 428, 103 P. 2d 942. The trial court erred in sustaining defendants' challenge to the jurisdiction.

The judgment is reversed and the cause remanded, with directions to overrule the challenge to the jurisdiction, to reinstate the case, and for further proceedings in accordance with the views herein expressed.

GIBSON, C. J., HURST, V. C. J., and RILEY, OSBORN, BAYLESS, WELCH, CORN, and DAVISON, JJ., concur.