EDWARDS et al. v. TWINE.

No. 33624.   Dec. 12, 1950.

*225 P. 2d 359.*

Forrester Brewster and Julian B. Fite, both of Muskogee, for plaintiffs in error.

Charles A. Chandler, of Cleveland, Ohio, and Chas. A. Moon and Kay Wilson, Jr., both of Muskogee, for defendant in error.

ARNOLD, V.C.J.   This appeal is a sequel to the appeal in cause No. 31643 on the docket of this court, decided January 22, 1946 (Twine, Adm'r, v. Edwards et al., 196 Okla. 382, 165 P. 2d 143). That appeal was from an order and judgment of the district court of Muskogee county sustaining the special appearance and challenge to the jurisdiction of their persons by the defendants. This court reversed that judgment, holding that the district court of Muskogee county had jurisdiction of the persons of the defendants and vacated the judgment dismissing plaintiff's cause of action.

Thereafter the defendants, D. G. Hart, H. H. Edwards, and U. S. Fidelity & Guaranty Company, as surety, filed separate answers to plaintiff's petition in which it was alleged that H. H. Edwards and D. G. Hart, respectively, were successive guardians of Bolie Vaughn, an incompetent veteran of World War I; that their appointments were lawfully made by the county court of Seminole county and that their accounts and final reports were approved by that court and that therefore the district court of Muskogee county was without jurisdiction of the subject matter of an accounting sought by the administrator of the estate of Bolie Vaughn, deceased.

Plaintiff replied separately to each of these separate answers denying generally the allegations of each and affirmatively alleged that the proceedings in the guardianship of Bolie Vaughn, an incompetent, in the county court of Seminole county, were invalid for want of jurisdiction in that court, there having been a prior appointment of a guardian for the incompetent in Tulsa county which guardianship was never transferred to Seminole county.

Upon a trial of the issues thus presented the district court of Muskogee county approved the report of D. G. Hart but surcharged the account of H. H. Edwards in the sum of $1,500. From this judgment, Edwards and his surety, United States Fidelity & Guaranty Company, a corporation, appealed.

On May 5, 1924, Bolie Vaughn, a veteran of World War I, was adjudged by the county court of Tulsa county to be an incompetent, and his sister, Maudie Langster, was appointed guardian of his person and estate. By virtue of his war service Bolie Vaughn was entitled to certain benefits from the Veterans Administration which amounted to the sum of $100 per month and these benefits were paid by the Veterans Administration until the death of Bolie Vaughn in Muskogee county on November 9, 1941.

On August 24, 1927, Jim Vaughn filed a petition in the county court of Seminole county asking to have Bolie Vaughn adjudged an incompetent and himself appointed as guardian, which was done. Thereafter the pendency of the guardianship proceedings in Tulsa county was discovered and the appointment of Jim Vaughn as guardian in Seminole county was vacated. On September 2, 1927, Jim Vaughn, joined by his mother, Jennie Vaughn, filed a petition in the county court of Tulsa county in which it was alleged in substance that Bolie Vaughn was a resident of Seminole county and that it would be to his interest to have his guardianship conducted in that county and asking that Maudie Langster be discharged as guardian by the county court of Tulsa county. No request was contained in this petition for a transfer of the guardianship proceedings from Tulsa county to Seminole county, but on October 14, 1927, the county court of Tulsa county entered an order discharging Maudie Langster as guardian of Bolie Vaughn and in said order used this language:

"The court further finds that proper and sufficient notice for the hearing for final report has not been given and that the hearing of said final report should be continued until the 14 day of November, 1927, and that said guardian be required to give the notice provided for by law and as heretofore ordered by this court."

The court then ordered the hearing and final report continued until November 14, 1927. On October 15, 1927, Jim Vaughn petitioned the county court of Seminole county for appointment as guardian of the incompetent, and on the 20th day of October, 1927, the county court of Seminole county adjudged Bolie Vaughn to be an incompetent and appointed Jim Vaughn as guardian. He failed to qualify because the Veterans Administration refused to approve the bond which he tendered and thereupon Jim Vaughn was removed and on November 7, 1927, H. H. Edwards was appointed as guardian successor. Upon filing his bond and taking the oath of office letters of guardianship were issued to H. H. Edwards and he continued in that capacity until 1939 when he resigned and D. G. Hart was appointed to succeed him. Upon the filing of the final account of H. H. Edwards the Veterans Administration filed objections to the report but after the hearing said objections were overruled except as to one small item and the guardian's report was approved and an order of discharge entered.

Later Bolie Vaughn removed to Muskogee county and in October, 1940, the guardianship proceeding pending in Seminole county was transferred to Muskogee county, and in 1941 the guardianship proceeding originally begun in Tulsa county was likewise transferred to Muskogee county and Thomas Wright was appointed guardian there.

This presents a brief summary of the facts disclosed by the record in this

case and on which the judgment of the district court was based. For reversal defendants present their argument under four propositions thus stated in the brief:

"1. The order of the County Court of Tulsa County entered on October 14, 1927, taken in conjunction with the petition before the court and the proceedings in the County Court of Seminole County, brought to the attention of the County Court of Tulsa County, constitutes a defective order of transfer.

"2. Irregularities in the transfer of a cause from a court of competent jurisdiction to a court of competent jurisdiction may be waived, and if waived, orders made by the court to which the cause was transferred are valid.

"3. By recognizing the jurisdiction of the County Court of Seminole County and actively invoking the jurisdiction of that court on behalf of Bolie Vaughn, the Administrator of Veterans Affairs, for Bolie Vaughn, waived any objections to the method by which the County Court of Seminole County acquired jurisdiction.

"4. The order of the County Court of Seminole County settling the accounts of H. H. Edwards as guardian upon the presentation of H. H. Edwards's final account and exceptions thereto on behalf of Bolie Vaughn, unappealed from, is final and conclusive and the District Court of Muskogee County is without jurisdiction to require an accounting from H. H. Edwards."

In support of their first proposition for reversal of the judgment defendants make several contentions which are summarized in the first paragraph of their argument in this language:

"Although the County Court of Tulsa County originally had jurisdiction and never properly divested itself of jurisdiction, yet all the requirements and all the findings necessary for the transfer of the guardianship to Seminole County appear in the proceedings of the County Court of Tulsa County. All that was lacking was a proper order of transfer. It is inherent in the allegations of the petition that was before

the court and the findings that the court made upon the hearing of such petition that it was the intent and purpose of the court and of all parties appearing before the court that the proceedings should be transferred to Seminole County."

These contentions are argued at length notwithstanding the following indisputable facts disclosed by the record:

" (1) No verified petition, as required by 58 O.S. 1941, Section 10, was filed in Tulsa County Court seeking transfer of the proceedings to Seminole County.

"(2) No order for such transfer was ever made, defective or otherwise.

"(3) The petition which was filed and presented to the Tulsa court was one asking for the discharge of Maudie Langster as guardian of Boley Vaughn.

"(4) This petition was granted but jurisdiction was retained pending legal notice of and hearing on guardian's final report, set for November 14, 1927.

"(5) This order was entered October 14, 1927, but on the next day, October 15, 1927, an original petition was filed in Seminole county court asking that Bolie Vaughn be declared an incompetent and that Jim Vaughn be appointed as his guardian.

"(6) Hearing was had October 20, 1927, and an order was entered granting the petition in which it was stated that Boley Vaughn had no legal guardian. There was no suggestion of a transfer of proceedings from Tulsa County.

"(7) Hart and Edwards were the attorneys for Jim and Jennie Vaughn in all of these proceedings in both county courts.

"(8) On November 7, 1927, Jim Vaughn was summarily removed as guardian by the Seminole county court and H. H. Edwards was appointed as his successor."

If, as contended by defendants, "it was the intent and purpose of the court and of all parties appearing before the court that the proceedings should be

transferred to Seminole County", it is not readily understandable why on the next day after the hearing in the Tulsa county court a petition was filed in the Seminole county court asking that court to assume original jurisdiction, to adjudge Bolie Vaughn an incompetent, and to appoint Jim Vaughn as his guardian, because the essentials to a transfer of guardianship proceedings and the procedure to be followed after such transfer are specifically set forth in 58 O.S. 1941 §8, the provisions of which are incorporated in and made a part of section 10, Id., by legislative reference. It is there provided that such transfer shall be effected "by transmitting to such county the original papers together with certified copies of all orders and judgments, upon the payment of all accrued costs"; and the procedure upon such transfer is provided for as follows: "that such original papers, together with such certified copies of all orders and judgments, shall be filed in the court to which such matter is removed and the same shall proceed as if ordinarily filed therein without further service of notice."

We think it is clear from the record above summarized that the county court of Seminole county did not acquire jurisdiction of the guardianship proceedings under the original petition therefor filed October 15, 1927. Crosbie v. Brewer, 68 Okla. 16, 158 P. 388. The rule announced by this court on the former appeal (196 Okla. 382, 165 P. 2d 143) is applicable. In the first paragraph of the syllabus we said:

"Where a person was adjudged mentally incompetent and a guardian appointed for his estate by a county court upon a petition which showed upon its face that such person had theretofore been adjudged an incompetent and a guardian appointed for his estate by a county court of another county, which guardianship proceedings were still pending, such county court in making such adjudication and appointment acted without jurisdiction. Its orders were therefore void and subject to collateral attack."

When a county court lawfully acquires jurisdiction in a guardianship proceeding that jurisdiction is exclusive and no other court of concurrent jurisdiction can lawfully acquire original jurisdiction of the same guardianship matter so long as the first court is vested with jurisdiction. It is not contended that the Tulsa county court was divested of jurisdiction in any other manner than by irregular transfer. We have hereinbefore held that no transfer was made. The jurisdiction therefore remained in the Tulsa county court until the proceeding was transferred to Muskogee in 1941, long after the order was entered in Seminole county approving the final account. Jurisdiction of the guardianship proceeding could not be in two county courts at the same time. To hold as contended by defendants that jurisdiction in the Seminole county court to approve the final account was waived would necessitate the holding that jurisdiction of the same guardianship proceeding could be in two county courts at the same time. Jurisdiction of the subject matter cannot be conferred by waiver. Our statement in the former opinion that "Its orders were therefore void and subject to collateral attack" was and is correct. McNee v. Hart et al., 117 Okla. 220, 246 P. 373; Apache State Bank v. Voight, 61 Okla. 253, 161 P. 214; Brasier v. Brasier, 200 Okla. 689, 200 P. 2d 427.

Judgment affirmed.

DAVISON, C.J., and CORN, LUTTRELL, HALLEY, JOHNSON, and O'NEAL, JJ., concur.