**Frank J. HUNTER, Plaintiff,**

v.

**MISSOURI–PACIFIC–TEXAS RAILROAD COMPANY, a corporation, and St. Louis-San Francisco Railway Company, a corporation, Defendants.**

**Civ. No. 6163.**

United States District Court
N. D. Oklahoma.

March 22, 1966.

Roehm A. West, Tulsa, Okl., for plaintiff.

Ben Franklin, Oklahoma City, Okl., for St. Louis-San Francisco RR.

W. J. Ross, Oklahoma City, Okl., for Missouri-Kansas-Texas RR.

DAUGHERTY, District Judge.

The plaintiff has brought suit in State court against the defendant Missouri-Kansas-Texas Railroad Company, hereinafter called Katy Railroad, under the Federal Employers Liability Act, hereinafter called FELA. 45 U.S.Code §§ 51–60. Under such Act this cause of action is not removable to Federal Court. 28 U.S.Code 1445(a). Plaintiff also named as a defendant the St. Louis-San Francisco Railway Company, hereinafter called Frisco Railway, asserting against it a cause of action not based on the FELA. The relief plaintiff seeks is for a single injury to his person alleged to have been brought about by the joint and concurrent acts of the two defendants. Both defendants have filed petitions for removal. The defendant Katy Railroad, as grounds for removal, asserts a diversity of citizenship, no proper service upon it, and a fraud upon the Court in plaintiff claiming he was an employee of

Katy Railroad at the time of the injury and on such claim of employment bringing a FELA action against Katy Railroad. The defendant Frisco Railway, as grounds for removal, asserts a diversity of citizenship, no proper service upon its co-defendant Katy Railroad, the cause of action against Frisco Railway is removable, the cause of action against Frisco Railway is a separate and independent claim or cause of action, a waiver of the prohibition against removal of the FELA case against Katy Railroad by joining the non-FELA case against it, and that no cause of action is stated against its co-defendant Katy Railroad.

The plaintiff has filed a Motion to Remand stating that his case is brought under the FELA and the same is not removable to Federal Court.

■ After hearing the arguments of counsel and studying the briefs thereafter submitted, the Court finds and concludes as follows:

(1) A diversity of citizenship exists between the plaintiff and each of the defendants.

(2) The plaintiff on the face of his petition has pleaded a FELA action against the defendant Katy Railroad but not against the defendant Frisco Railway.

(3) Standing alone, the cause of action pleaded against the defendant Frisco Railway would be removable to Federal Court.

(4) The cause of action pleaded against the defendant Frisco Railway is not a separate and independent claim or cause of action from that pleaded against the defendant Katy Railroad under the single wrong or injury test. 28 U.S.C. 1441(c); Anderson v. Union Pacific Railroad Company, D.C., 200 F.Supp. 465, and American Fire & Casualty Company v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702. Therefore, the entire case cannot be removed under 28 U.S.C. 1441(c).

(5) Plaintiff has not waived the prohibition against the removal of a FELA case by joining a non-FELA case with the same. Anderson v. Union Pacific Railroad Co., supra.

(6) Proper service has been or can be had on the defendant Katy Railroad in the county of the State court in which the case was brought, in that no contention is made that venue against the defendant Frisco Railway cannot be laid in said county under 12 O.S.A. 135, and such apparently being the case, venue in said county would then attach to or lie against the defendant Katy Railroad under 12 O.S.A. 154. There is, therefore, a proper joinder of the two defendants with venue present against both in the county of the State court involved. See Wray v. Garrett, 185 Okl. 138, 90 P.2d 1050; Twine v. Edwards, 196 Okl. 382, 165 P.2d 143; and La Fayette et al. v. Bass, 122 Okl. 182, 252 P. 1101.

■ In view of the foregoing findings and conclusions reached by the court, the case should be remanded to the State court. However, one additional ground for removal has been asserted, namely, that the plaintiff has fraudulently joined the defendant Katy Railroad as a defendant in the State court under a non-removable FELA cause of action which does not in truth and in fact exist, and which was done for the purpose of preventing the defendant Frisco Railway from removing to Federal Court the removable cause of action asserted against it. An issue of fact is here joined by the Motion to Remand. An evidentiary hearing will be held before the Court to determine this issue with the burden of proof being on the removing parties. Kansas City, Ft. S. and M. R. Company v. Daughtry, 138 U.S. 298, 11 S.Ct. 306, 34 L.Ed. 963, and Carson v. Dunham, 121 U.S. 421, 7 S.Ct. 1030, 30 L.Ed. 992. The parties will prepare themselves for this hearing as soon as possible.