# GULF & S. I. R. Co. *v.* BRADLEY.

[69 South. 666.]

1. DEATH. *Action for wrongful death. Limitations. Number of actions.*

Under Laws 1898, chapter 65, providing that actions for wrongful death should be commenced within one year after death. There was no saving clause in favor of any person and the court could not ingraft any such exception upon it.

2. DEATH. *Actions for wrongful death. Limitations.*

Laws 1898, chapter 65, provided that actions for wrongful death should be commenced within one year after the death, this statute was amended by Laws 1908, chapter 167, by eliminating such limitation. But even disregarding section 97, Const. 1890, which provides that the legislature shall have no power to revive any remedy which may become barred by lapse of time or by any statute of limitation, still the act of 1908 did not authorize the bringing of an action in 1913 for a death occurring in 1902, since the limitation contained in Laws 1898 was not merely a limitation of the remedy, but of the liability itself.

3. DEATH. *Actions for wrongful death. Limitations.*

Where a declaration alleged that in August, 1902, plaintiff's father, while in defendant's employ, was killed under circumstances that rendered defendant liable. That plaintiff was born in February, 1903; that on September 30, 1903, suit was filed by plaintiff's mother in her own behalf and on behalf of another child then living to recover for the injury sustained by such death; that on the same day a final judgment was rendered in favor of the mother and such child in settlement of such injuries; and that thereafter and before plaintiff's birth such judgment was paid; that plaintiff was not a party to such suit and in no way interested therein or in the recovery had therein by her mother and sister for their sole benefit. In such case, plaintiff predicated her right of action upon the cause of action for the death, and not upon an agreed settlement not fully performed and was therefore barred under Laws 1898, chapter 65, requiring actions for wrongful death to be brought in one year after death.

4. DEATH. *Actions for wrongful death. Number of actions.*

Under Laws 1898, chapter 65, providing that in actions for wrongful death, there shall be but one suit for the same death, which shall inure to the benefit of all parties concerned, it is immaterial that a child of deceased was not born when suit by her mother was instituted, since the limitation on the number of suits is without exception in favor of any person whatever.

5. ACTIONS FOR WRONGFUL DEATH. *Number of actions. Good faith.*

Even conceding that a former judgment in order to constitute a bar to another suit must have been rendered in good faith, and without collusion, yet where there is nothing in the declaration in the last suit which indicates collusion in the rendition of the first judgment, the mere fact that it was rendered on the same day that the declaration was filed is insufficient for that purpose.

APPEAL from the circuit court of Jones county.

HON. P. . JOHNSON, Judge.

Suit by Willie Emma Bradley, by next friend, against the Gulf & Ship Island Railroad Company. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*B. E. Eaton,* for appellant.

This suit cannot be maintained for the reason that it was not instituted within one year from the time of the alleged wrongful death. For the purpose of avoiding confusion, the first count of the declaration as above set out will hereafter be referred to simply as the declaration, by reference to which, it will be seen that the wrongful death for which a recovery is sought in this suit occurred on the 15th day of August, 1902. The present suit was instituted on the twelfth day of February, 1913, as shown by the summons in the record and by the date of the filing of the declaration. But the only statute in effect when the death occurred authorizing a recovery for this wrongful death was section 663 of the Code of 1892, as amended by the Law of 1898, page 82. The amended section aforesaid was brought forward and appears

without change as section 721 of the Code of 1906. The provision of section 721 with reference to the time in which suit shall be brought is as follows: "But every such action shall be commenced within one year after the death of such deceased person."

At common law no right of recovery existed for the death of a person caused by the negligent or wrongful act of another and the first right of recovery grew out of the passage of Lord Campbell's Act in 1846, which serves as a basis of all subsequent acts allowing damages for a wrongful death. Every right of recovery is therefore a statutory right and in derogation of the common law. Every state in the Union has adopted the principle of recovery for wrongful death first contained in Lord Campbell's Act, with variations, however as to the time within which suit is to be brought and by persons entitled to sue and the damages recoverable in such suit. Until 1908 the period within which suit was required to be brought in Mississippi was one year, but this time restriction was omitted in the amendment to section 721 by the legislature at its session in 1908, Sheet Acts, p. 204. So far as my investigation has disclosed, Mississippi is now the only state which has entirely eliminated the provision as to the time in which suit is to be brought; the other states with possibly four exceptions having this time limit ranging from one to three years. However, as stated in the outset, since the death which is the basis of this suit occurred on the fifteenth of August, 1902, the amendment referred to above does not in any manner affect the right of plaintiff's recovery, and such right, if it exists, must be found in the unamended section 721 with its time period of one year.

It is the universal doctrine that the time limit inserted in all statutes of this character is not the usual and ordinary period of limitation but is, in and of itself, a part of the cause of action and is a limitation on the cause of action and entirely destroyes it, if the right to sue is not exercised within the time provided. This doctrine is so

universal that it is both tedious and unwise to attempt
a complete collation of authorities, but the subject is so
covered in the case  of *Amanda Rodman, admx.* v. *Missouri Pacific R. R. Co.* (a Kansas case), found in 59
L. R. A. 704, that it seems desirable to set out in full
that portion of the opinion dealing with this time limit
provision.  This opinion cites many authorities and the
authorities referred to so fully and amply sustain the decision of the court that this case may very justly be
termed a leading case upon the subject.  The   extract
from this opinion above cited begins on page 706 and
is as follows:

"At common law, or in the absence of 422, no right of
action would exist in this state in favor of any one to recover damages for the wrongful death of Rodman.  *Mobile Life Ins. Co.* v. *Brame,* 95 U. S. 754, 24 L. Ed. 580;
*Dennick* v. *Central R. Co.,* 103 U. S. 11, 26 L. Ed. 439;
*The Harrisburg,* 119 U. S. 199, *sub nom; The Harrisburg*
v. *Rickards,* 30 L. Ed. 358, 7 Sup. Ct. 140.  The general
character and purpose of the act and the nature of the
limitation therein contained, have many times received
the consideration of the courts.  This court, in *Hamilton*
v. *Hannibal & St. J. R. Co.,* 39 Kan. 56, 18 Pac. 57, in
considering the act of Missouri creating a right of action
for wrongful death said: 'The right thus conferred is
a conditional one, and the plaintiffs in such action must
bring themselves clearly within the prescribed conditions
necessary to confer the right of action.'  In the opinion
Mr Justice JOHNSON says: "The provision designating
when and by whom the suit may be brought is more than
a mere limitation.  It is a condition imposed by the legislature, which qualifies the right of recovery, and upon
which its exercise depends.  The supreme court of Missouri has recently examined and interpreted this statute,
and, in an elaborate opinion reaches the conclusion that
the right is a conditional one, and the condition, being annexed to the right as given in the statute modifies the
same, and in fact forms a part of the right itself."  In

*The Harrisburg,* 119 U. S. 199, *sub nom; The Harrisburg* v. *Rickards,* 30 L. Ed. 358, 7 Sup. Ct. 140, Mr. Justice Waite, who delivered the opinion of the court in speaking of the statutes of the states of Massachusetts and Pennsylvania said: "The statutes create a new legal liability, with a right to a suit for its enforcement, provided the suit is brought within twelve months, and not otherwise. The time within which the suit must be brought operates as a limitation of the liability itself as created, and not of the remedy alone. It is a condition attached to the right to sue at all. . . . It matters not that no rights of innocent parties have attached during the delay. Time has been made of the essence of the right, and the right is lost if the time is disregarded. The liability and the remedy are created by the same statutes and the limitations of the remedy are, therefore, to be treated as limitations of the right." In *Boston & M. R. Co.* v. *Hurd,* 56 L. R. R. 193; 47 C. C. A. 615, 108 Fed. 116, it is said: "It has been universally held that where a special statute of this character gives a remedy, with an express limitation in the statute, the limitation is inherent in the right of action, and follows the remedy wherever there is an attempt to obtain it." In *Taylor* v. *Cranberry Iron & Coal Co.,* 94 N. C. 525, it is held: "The provisions of this statute limiting the time within which the action must be brought is not a statute of limitations. The statute confers a right of action which did not exist before, and it must be strictly complied with. As there is no saving clause as to the time of bringing the action, no explanation as to why it was not brought will avail." Mr. Tiffany in his work on Death by Wrongful Act (121), says: "These special limitations differ in some respects from those created by the ordinary statutes of limitation. Inasmuch as the act which creates the limitation also creates the action to which it applies, the limitation is not merely of the remedy, but is of the right of action itself. The right is given subject to the limitation, and a subsequent change in the period of lim-

itation will not extend the period so as to affect an existing right of action." In 8 Am. & Eng. Ency. Law (2 Ed.), p. 875, it is said: "It seems that provisions in the statutes authorizing actions for wrongful death, which limit the time within which the actions shall be brought, are not properly statutes of limitation, as that term is generally used. They are qualifications restricting rights granted by the statutes, and must be strictly complied with. As the statutes confer a new right of action, no explanation as to why the suit was not brought within the specified time will avail, unless the statutes themselves provide a saving clause." See, also *George* v. *Chicago, M. & St. P. R. Co.,* 51 Wis. 603, 8 N. W. 374; *Hanna* v. *Jeffersonville R. Co.,* 32 Ind. 113; *Best* v. *Kinston,* 106 N. C. 205, 10 S. E. 997. The precise question here under consideration arose in *Gerren* v. *Hannibal & St. J. R. Co.,* 60 Mo. 405. It is there held: "Under No. 5 of the damage act, the new suit brought against a railroad after nonsuit must be commenced within one year after the date of the injury. Section 19 of the chapter containing limitations . . . authorizing the commencement of a new action within a year from the date of nonsuit, has no application to causes, the time for bringing which is not 'prescribed' by that chapter . . . but otherwise limited." Also, in *Lake Shore & M. S. R. Co.* v. *Dylinski,* 67 Ill. App. 114, it is held: "Actions for damages resulting from the death of a person caused by the wrongful act of another may be commenced within two years after such death. The time is not extended by a nonsuit in a previous action." Many cases have arisen in which it has been held that minority or other legal disability of the party entitled to bring and maintain the action will not operate to extend the time prescribed in the statute for the bringing of the action, in the absence of a saving clause in the act itself. *Foster* v. *Yazoo & M. Valley R. Co.,* 72 Miss. 886, 18 So. 380; *Murphy* v. *Chicago, M. & St. P. R. Co.,* 80 Iowa 26, 45 N. W. 392; *Best* v. *Kinston,* 106 N. C. 205, 10 S. E. 997; *O'Keif* v. *Memphis & C. R. Co.,*

99 Ala. 524, 12 So. 454; *Louisville & N. R. Co.* v. *Sanders,*
86 Ky. 259, 5 S. W. 563. In *Beebe* v. *Doster,* 36 Kan. 666,
14 Pac. 150, this court held the general provisions of the
statute of limitations ineffectual to extend the   special
limitation ·of five years contained in No. 141 of the tax
law, providing for the bringing ·of an action to recover
lands sold for taxes, notwithstanding the nonresidence of
the defendant.   It has also held that the contractual lim-
itation contained in a policy of insurance is not governed
or controlled by the general statutes of limitations.   *Mc
Elroy* v. *Continental Ins. Co.,* 48 Kan. 200, 29 Pac. 478. A
review of the authorities bearing upon the question con-
troverted compels us to hold that the ·scope and effect of
the act above quoted is not merely to provide a remedy
for a cause of action existing independent of the act itself
but to create a cause or right of action where, prior to
the passage, or in the absence of the act, none existed.
As a part of the right of action itself, as a condition im-
posed upon and in limitation of the exercise of the right
granted, it is provided that the action upon which recov-
ery is had must be commenced within two years from the
time the right of action arose.   No excuse pleaded for de-
lay in the commencement of the action for more than two
years will avail for the reason that no such excuse can, in
law, be held sufficient.   A limitation upon the time in
which a pre-existing right of action may exist is governed
by the general statutes of limitations, and, in consequence,
falls within the saving provisions of section 23: above
quoted.   But this limitation in time' of the commencement
of the action here brought under the statute is imposed
as a condition upon the exercise of the right itself, is
special and absolute in its nature, and is unaffected by
the general provisions of section 23.

We are cited by counsel for plaintiff in error to cases
in which it is claimed that a doctrine contrary 'to the
conclusion here reached is announced.   We   have ex-
amined the cases cited, and find but one in which the pre-
cise question here considered was either raised or de-

termined.  The exact question was presented and considered in the case of *Swift & Co.* v. *Hoblawetz*, 10 Kan. App. 48, 61 Pac. 969. No authorities are cited in its support, neither are reasons given for the conclusion reached.  Its authority is denied.

It follows, the facts appearing upon the face of the petition, the demurrer lodged against it should have been sustained.  Failing in this, the action of the trial court in sustaining a demurrer to the evidence offered by plaintiff, and entering judgment in favor of defendant, is right, and must be affirmed.

All the Justices concur.

This interpretation of the statute, that is, if the suit is not brought within the prescribed period, the cause of action is absolutely dead and no excuse will be accepted for the failure to have brought it within the time prescribed, is the doctrine in Mississippi as will be ascertained by reference to the case of *Foster* v. *Railroad Co.*, 72 Miss. 886.

*Flowers, Brown & Davis* and *Henry Hilbun,* for appellee.

The cases cited by counsel for appellant are not applicable to a case like this.  They do not present the same facts and they are entirely different in every way.  In those cases there had been nothing done to enforce the right of action until it was barred by the limitation found in the statute.  It had not been pursued within the limit of a year, and the cause of action itself was dead.  Here the facts are different.  A settlement or adjustment was made within the year, and an unborn or posthumous child is demanding her portion of that settlement or adjustment.  The Texas case referred to by counsel for appellant is on all-fours with the case at bar.  The facts in the two cases are almost identical.  In disposing of the point under consideration, the court said in that case:

"If the mother and only child sue and recover only the compensation awarded them by a verdict and as in this case another child sues, it cannot be precluded on the ground that one action has been brought by all the beneficiaries, or that one beneficiary has brought the action for all, because no such action has been brought. If it had it would be the one suit contemplated by the statute. The amount to which all the beneficiaries would be entitled, if at all, would be included in that suit, and another could not be brought, and a second judgment in whole or in part recovered against the same defendant. But if the amount of compensation of any one of the benefierciaries had not been included in such suit, and he is entitled to it, upon no principle of reason, should he be concluded by a judgment in which his rights were not considered. If the defendant is liable to three beneficiaries under the statute, the aggregate compensation to which they are justly entitled should be no greater, whether it be recovered in three suits brought by one, each one of them, is one suit brought by all." *Nelson by Next Friend* v. *Railroad Co.,* 11 L. R. A. (Texas) 391.

None of the cases cited by counsel for appellant deal with a situation of this kind. The case before the Texas court was similar in every respect to the case at bar, and it was there held that the posthumous child could recover her portion of the aggregate compensation to which they were all justly entitled to recover. It is not a new suit. The cause of action is not being presented here for the first time. Appellee is only asking for her interest. She is basing her claim on the former recovery as shown by the agreed judgment. This court has never said, and so far as we have been able to find, no other court has said that a posthumous child could not, after birth, recover its portion of a claim for damages for its father's death. But on the other hand the cases of *Herndon* v. *Railroad Co.,* 128 Pac. 727, *Nelson* v. *Railroad Company,* 11 L. R. A., 391, 22 Am. St. Rep. 81, both hold that there may be such a recovery. This being true, and

it further appearing that the rights of this appellee were not considered, and nothing was allowed her in the settlement which was made within the one year prescribed by the statute, she is entitled to recover an equal share with her mother and sister, and this share has not been paid. It is this one share of the settlement that she is asking for. It is not an attempt to recover twice for the same injury, or to permit a double recovery by any one of the heirs. This child has received nothing. Her rights were not considered, and she only demands of appellant that she be paid a sum equal to that paid to her mother and sister.

SMITH, C. J., delivered the opinion of the court.

This is an appeal from a judgment against appellant for damages alleged to have been sustained by appellee because of the death of her father while in appellant's employ, caused by the wrongful act of appellant's servants.

The declaration was filed in February, 1913, and alleges that on the 15th day of August, A. D. 1902, W. M. Bradley, appellee's father, while in appellant's employ, was killed by reason of the negligence of other of appellant's employees under such circumstances as rendered appellant liable in damages therefor, and continues:

"Plaintiff further says that she was born on the 28th day of February, A. D. 1903, and is a posthumous child of the said W. M. Bradley above mentioneed; that on September 30, A. D. 1902, a suit was filed in the circuit court of Jones county, Miss., by Lillian C. Bradley, in her own behalf and on behalf of Lorena Y. Bradley, her child, to recover damages for the injuries sustained by the death of the said W. M. Bradley as set out in this declaration; that on the same date—that is, September 30, 1902— a final judgment was rendered in said court against the Gulf & Ship Island Railroad Company, a corporation, and in favor of Lillian C. Bradley and Lo-

rena Y. Bradley, for the sum of two thousand, five hundred dollars in settlement of the injuries sustained by the said Lillian C. Bradley and the said Lorena Y. Bradley; and that on November 7, 1902, before the birth of this plaintiff, said judgment was paid to the said Lillian C. Bradley and the said Lorena Y. Bradley.

"Plaintiff therefore says that she was not a party to the above-styled suit, in no way interested therein or in the recovery had therein by her mother and sister for their sole benefit, and therefore her rights in the premises were not adjudicated in said suit."

To this declaration a demurrer was interposed by appellant and overruled by the court. Appellant having declined to plead further, a judgment was rendered in favor of appellee for the sum of one thousand two hundred and fifty dollars; that amount having been agreed on by counsel for both parties as the amount of damages to be awarded in event the court should hold that the demurrer should be overruled.

The first ground of the demurrer is that:

"The declaration shows that a recovery is sought for an alleged wrongful death, and that the suit was not brought within the period of one year as was required by the statute in force and effect at the time of the alleged wrongful death."

The right of action for the recovery of damages for the death of a person caused by the wrongful act of another is purely statutory, and at the time of the death of Bradley, and for some years thereafter, was conferred and wholly governed by chapter 65 of the Laws of 1898, one of the provisions of which is that:

"Such action shall be commenced within one year after the death of such deceased person."

This provision of the statute contains no saving clause in favor of any person whatever, and the court is without the right to ingraft such an exception upon it. *Foster* v. *Railroad Co.*, 72 Miss. 886, 18 So. 380. That this statute was amended by chapter 167, Laws of 1908, by

eliminating the limitation hereinbefore set out, is imma-
terial, even if section 97 of the Constitution be left alto-
gether out of view, for the reason that the limitation con-
tained in the law of 1898 was not a limitation of the reme-
dy merely, but a limitation of the liability itself.    In
Tiffany on death by Wrongful Act, section 121, cited
with approval in *Rodman* v. *Railroad Co.,* 65 Kan. 645, 70
Pac. 642, 59 L. R. A. 704, it is said that:

"These special limitations differ in some respects from
those created by the ordinary statutes of limitations. In-
as much as the act which creates the limitation also cre-
ates the action to which it applies, the limitation is not
merely of the remedy, but is of the right of action it-
self.  The right is given subject to the limitation, and a
subsequent change in the period of limitation will not ex-
tend the period so as to affect an existing right of ac-
tion."

If the right is enforceable in another jurisdiction than
that of the courts of the state which enacted the statute,
the right will be enforced subject to the limitation. The
statute of limitation need not be pleaded in defense, and,
if the declaration shows that the action was not brought
within the time limited, it is demurrable. That this limi-
tation is of the liability, and that no exception can be
alleged to excuse delay, was evidently the view taken of
the statute by both the court and counsel in *Pickens* v.
*Railroad Co.,* 92 Miss. 210, 45 So. 868, for the limitation
was there availed of by the demurrer, and not by plea.

One of the contentions of counsel for appellee in this
connection is that this suit does not come within the lim-
itation prescribed by the statute, for it "is nothing more
than a suit by appellee to recover her proportion of the
settlement heretofore made of this claim." By this
statement we presume is meant that the suit is not on the
original cause of action, but upon an agreed settlement
thereof which has not been fully performed by appellant.
We are not called upon to decide this point, for the reas-

on that the declaration, in clear and unmistakable terms, predicates the appellee's right to recover, not upon any agreed settlement, but upon the original cause of action; in fact, it discloses that the agreed settlement, if such the judgment heretofore rendered can be termed, was fully performed by appellant.

The second ground of the demurrer is as follows:

"The declaration shows that long previous to the institution of this suit there has been brought one suit, and that upon said suit there has been had a recovery by parties entitled to sue for the wrongful death for which plaintiff sues, and under the statute there can be no further recovery by any party or partiees for said alleged wrongful death."

The point here raised has been ruled against appellee in *Pickens* v. *Railroad Co.*, 92 Miss. 210, 45 So. 868, and *Foster* v. *Hicks,* 93 Miss 219, 46 So. 533. The statute plainly provides that there "shall be but one suit for the same death, which suit shall inure for the benefit of all parties concerned." That appellee was not born at the time the first suit was instituted is wholly immaterial, for the limitation on the number of suits that can be instituted is without exception in favor of any person whatsoever. That some "of the parties concerned" in the recovery contemplated by such suit are not parties plaintiff therein is immaterial. *Foster* v. *Hicks, supra.*

But it is said by counsel for appellee that for the former judgment to constitute a bar to the present suit it must have been rendered in good faith and without collusion between the parties thereto. Conceding for the sake of the argument that this rule is sound, there is nothing in the declaration which indicates collusion in the rendition of the judgment. The mere fact that it was rendered on the same day that the declaration was filed is insufficient for that purpose. For all the court knows, two thousand, five hundred dollars was full compensation for the injury sustained.

Both grounds of the demurrer are well taken, and it should have been sustained.

The judgment of the court below is reversed, the demurrer sustained, and the cause dismissed.

*Reversed.*