## L. E. MYERS CO. et al. v. ROSS, Adm'r.

No. 21315. Opinion Filed Dec. 13, 1932.

Rehearing Denied Jan. 3, 1933.

West, Gibson, Sherman, Davidson & Hull, for plaintiffs in error.

O. H. Searcy and J. B. Underwood, for defendant in error.

KORNEGAY, J. This is a proceeding to reverse the action of the district court of Tulsa county, in rendering a judgment against L. E. Myers Company and George W. White, in favor of the administrator of the estate of General Washington Day, deceased, in case No. 45294. The deceased was a hod-carrier engaged in the construction of a building in the city of Tulsa, and was in the employ of the plaintiffs in error. He was killed November 22, 1928, by falling either out of the opening into the building or from the platform of a material elevator that was being used for the purpose of sending up material, the deceased at the time being one of the persons who unloaded the material at one of the upper stories.

Immediately a woman named Mattie Jones, professing to be his widow, applied to the county court of Tulsa county and succeeded in getting letters of administration issued to another party, later to be substituted by herself, and on December 5, 1928, she procured a judgment against the defendants in this case, as administratrix of the estate, which was immediately paid and receipted for by her on the records. That case was No. 43951. Shortly afterwards, the defendants in that case, present plaintiffs in error, being advised of the fact that she was not the widow of the deceased, instituted a proceeding on December 10, 1928, case No. 44013 in the district court of Tulsa county, to recover the money and succeeded in impounding a part of the money. The ground alleged was the invalidity of the acts as administrator, and the failure to be the widow of deceased. On petition of defendant in error, the widow of deceased, the entire proceedings had in the county court, concerning the administration had by Mattie Jones, were annulled and held void.

The original judgment was practically taken by consent, and was for $2,864.73. The real widow appeared shortly after this judgment was taken and instituted proceedings in the county court to oust the first administrator and to have letters issued to her nominee. This action was instituted in the district court against the plaintiffs in error for a recovery for the death of deceased for the benefit of the widow as found, Susie Jones.

The procedure took the usual course, and the defendants made a denial and set up the settlement had in the manner indicated above, and the case was tried and the jury found in favor of the administrator for the benefit of the widow of the deceased, whose name was Susie Jones. The other woman who claimed to be the widow was Mattie Day or Jones. The deceased's name was Day, but he married, apparently, both women under the name of Jones, and he appears to have contributed rather liberally to the keeping of the first wife, Sadie Jones, and to have lived most of his time with the last wife, Mattie Jones, or Day, as she was called.

The evidence in the case warranted the finding that when the deceased went through the form of marriage ceremony to marry Mattie Jones, or Day, he was already married to Susie Jones, at whose instance the last administration was had, and for whose benefit the present suit was started. A statement of the case is contained in the brief of the plaintiffs in error, and complaint is made of overruling a motion to strike a part of the reply which set up the proceedings in the county court of Tulsa county annulling the first administration. This was pleaded by way of reply to the answer setting up the rendition of the judgment obtained at the instance of Mattie Day, administratrix, and relying on same as an estoppel.

Some cases are cited upon the proposition of striking in order to bring about orderly pleading, and something has been said about the departure in some of the cases, but, as we view this matter, about the only way that the plaintiff below could have signified to the court that he did not agree with the idea of estoppel by the judgment was to tell why the plaintiff contended it was not binding. We think the court did not err in refusing to strike.

The second proposition urged is that the appointment of the first wife as the administratrix of the etsate was not void, but was merely voidable, and the acts of the administrator while serving in that capacity are conclusive in this proceeding. The case of O'Neill v. Cunningham, 119 Okla. 157, 244 P. 444, as to the binding effect of the judgments of a county court, and the case of Wolf v. Gills, 96 Okla. 6, 219 P. 350, are cited and quoted from, and the case of Burton v. Colley, 113 Okla. 265, 242 P. 185, is quoted from concerning the action of a county court, the successor of the United States court, first acquiring jurisdiction of the guardianship, followed by a county court of another county, where the domicile of the minor was, appointing another guardian and ordering the minor's real estate sold, the case holding that there could be no collateral attack, on the ground of the exclusive jurisdiction of the first court, when the latter court appeared to have acted on the face of the proceeding within its jurisdiction, and the case of In re Estate of Green, 114 Okla. 283, 251 P. 1008, is cited, and Woerner on the American Law of Administration (3rd Ed.) vol. 2, p. 868, and Bancroft's Probate Practice, vol. 1, page 529, are cited and quoted from. The case of Ivy's Estate, 80 Okla. 278, 196 P. 134, is quoted from to the effect that the acts of the original administrator bind the subsequent administrator, and Foreman v. Chapman,

95 Okla. 132, 219 P. 692, and Walker v. Siggens, 118 Okla. 266, 248 P. 567, are cited and quoted from, and the case of In re Price's Estate (Minn.) 162 N. W. 454, is cited.

The defendant in error in opposition to this position contends that the appointment of Mattie Day was void, and that the county court in the exercise of its authority declared all the acts of the administrator void and set them aside, and point is made that the real quesion is, Who was the rightful beneficiary under section 824, C. O. S. 1921 [O. S. 1931, sec. 570] and that this would have to be settled in the district court, and reference is made to Caulk v. Lowe, 74 Okla. 191, 178 P. 101, He-ah-to-me v. Hudson, 121 Okla. 173, 249 P. 138, National Exploration Co. v. Robins, 140 Okla. 260, 283 P. 236, and reliance is placed upon the statement of the court in the Caulk Case.

We do not deem it necessary to reconcile the various statements made in these various cases. We think, however, it is sufficient to say that in order for a judgment of any court to be binding as res adjudicata, when relied on in subsequent proceedings, there must be an identity of parties, either original or representative. As applied to the present case, the original action was brought by what purported to be the administrator of the deceased. However, when we examine the proceedings under which that administration was had, it is clear that the application for letters of administration were not made by the widow of the deceased, according to the findings of the county court after full investigation, and according to what necessarily would follow from a second marriage to an undivorced man. It is further apparent that the defendants were more than anxious to bring about a settlement, and they did not allow the usual time to elapse, and they are not in a very good shape to claim the idea of being a misled innocent party.

Our statutes on the subject of administration, while not requiring immediate application, do not forbid the application, before the deceased is buried, but they do prescribe that the surviving wife, or some one that she may name, is entitled to the representation. Section 1135, O. S. 1931, Section 1143 is as follows:

"When a petition praying for letters of administration is filed, the judge of the county court must set a day for hearing the same and cause notice thereof to be given, containing the name of the decedent, the name of the applicant for letters, and the day on which the application will be heard; said notice must be given by posting

the same in three public places in the county, one of which shall be at the courthouse in which said hearing is to be held; and a copy of the same shall be mailed to each of the heirs of the deceased with the postage thereon prepaid. If the post-office address of any of the heirs is unknown, notice of said hearing shall be given by publishing the same in some newspaper published in said county at least ten days before the day set for said hearing: Provided, that if the petition asks for the appointment of some person entitled under the law to appointment, and there shall accompany such petition a waiver of all persons having a prior right to appointment, then no notice shall be given, and the court shall proceed without delay to hear such petition."

Section 1150 provides for the revocation of letters on petition where other persons are entitled where other persons were appointed. Section 570, O. S. 1931, which is the applicable statute giving the right in this case, is as follows:

"When the death of one is caused by the wrongful act or omission of another, the personal representative of the former may maintain an action therefor against the latter, if the former might have maintained an action had he lived, against the latter for an injury for the same act or omission. The action must be commenced within two years. The damages must inure to the exclusive benefit of the surviving spouse and children, if any, or next of kin; to be distributed in the same manner as personal property of the deceased."

Under that section the case of Aetna Casualty & Surety Co. v. Young, 107 Okla. 151, 231 P. 261, is cited, as well as the case of Oklahoma Union Ry. Co. v. Rigsby, 122 Okla. 113, 250 P. 1001, and the case of Big Jack Mining Co. v. Parkinson, 41 Okla. 125, 137 P. 678, is also cited. These two latter cases hold that the widow can sue in her own name under the Oklahoma statute, section 571, when no administrator has been appointed. The first case holds that where there is a recovery by the administrator, the distribution is had in the district court.

The point is raised that the judgment that was gotten by Mattie Jones as administratrix, for her benefit, barred the judgment that is complained of in this case, wherein the administrator recovers for the benefit of Susie Jones. We think that the ultimate decision here must necessarily rest upon the proposition as to what the effect of the Mattie Jones judgment was on the case. Clearly the present plaintiffs in error, by attacking the same and instituting a direct proceeding to set it aside to recover the money that had been paid, and impounding part of it, are not in very good shape to urge the validity of such judgment, even

though it might be in a different proceeding. However, as to its being a bar to the present action, we think that it is not, for the reason that the subject-matter was different here, and the identity of the parties and their interest are different here.

By reference to the section of the statute (570, O. S. 1931), and the decisions that are annotated thereunder, we find the case of Aetna Casualty & Surety Co. v. Young, above referred to. The clear effect of that case is that the judgment pleaded as an estoppel here is void as against the present plaintiff suing for the benefit of the present beneficiary, who was found to be the actual widow. Some aspects of this case are involved in the Young Case, it being a case where two women were claiming to be the widow. However, a reference to a former case, decided by this court, which quotes Black on Judgments in dealing with the subject of the estoppel by judgment, of Ratcliff-Sanders Grocer Co. v. Bluejacket Mercantile Co., 63 Okla. 298, 164 P. 1142, is completely persuasive that the lack of identity that is required for a plea of estoppel by judgment exists here. Quoting from that case, the language of the court is as follows:

"The plaintiff was not a party to the bankruptcy proceedings, and if he had been, that court was without jurisdiction to adjudicate his rights as against C. M. Condon and the Bluejacket Mercantile Company, a corporation, and there is nothing in the record before us which indicates that the bankruptcy court attempted to do so. In order to make a matter res adjudicata there must be a concurrence of the four conditions following, namely: (1) Identity in the thing sued for (or subject-matter of the suit): (2) identity of the cause of action; (3) identity of persons or parties to the action; (4) identity of the quality in the persons for or against whom the claim is made. The principle on which judgments are held conclusive upon the parties requires that the rule should apply to only that which was directly in issue, and not to everything that was incidentally brought into controversy during the litigation. Black on Judgments, 610."

The cases of Alfrey v. Colbert, 44 Okla. 246, 144 P. 179, Etenburn v. Neary, 77 Okla. 69, 186 P. 457, St. L.-S. F. Ry. Co. v. Stuckwish, 137 Okla. 251, 279 P. 683, and M., K. T. Ry. Co. v. Lenehan, 39 Okla. 283, 135 P. 383, are also cited by the defendants in error upon the proposition of the conclusiveness and the binding effect of the judgment.

We think that under the rules laid down in the Bluejacket Case, above referred to, the first judgment obtained against the plaintiffs in error is not binding upon the

plaintiff below, the present defendant in error. The right involved in this suit was the damage to be allowed to Susie Jones. The right involved in the other case was the compensation to be allowed to Mattie Day. The brief of the plaintiffs in error claims recovery is merely compensatory. The definition of identity that is declared above would clearly preclude the proposition of the first judgment being a bar to the second one, even though the conduct of the defendants in setting aside this judgment was not as it has been related above.

The argument is made that the judgment is excessive. Something is said about $864 being paid out of the recovery as funeral expenses. Considering the age and the earning capacity and the fact that Susie Jones was his lawful wife, we cannot say that the $4,000 verdict is excessive. Apparently the first judgment was a very friendly one, and the amount allowed in that was $2,864.73. We do not see so much disparity in the amount allowed by the jury and what was practically agreed on. Neither do we think that the verdict was excessive in the light of the surroundings.

The case is accordingly affirmed.

LESTER, C. J., and HEFNER, CULLISON, SWINDALL, ANDREWS, and McNEILL, JJ., concur. CLARK, V. C. J., and RILEY, J. absent.