WILSON-HARRIS, Adm'x, v. SOUTH-WEST TELEPHONE CO. et al.

No. 30389.     Sept. 28, 1943.

Rehearing Denied October 19, 1943.

*141 P. 2d 986.*

Joe Young, of Chandler, and Andrews & Andrews, of Oklahoma City, for plaintiff in error.

Thurman & Thurman, of Oklahoma City, W. E. Wells, of Prague, and Dudley, Hyde, Duvall & Dudley, of Oklahoma City, for defendants in error.

Coleman H. Hayes, John F. Butler, V. P. Crowe, and John H. Cantrell, all of Oklahoma City, amici curiae.

HURST, J. This is an action for wrongful death. The questions presented are (1) whether a judgment obtained by an administrator for the benefit of the next of kin in an action where he alleged that deceased was single bars a subsequent action by a successor administrator for the benefit of one proven to be the widow, and (2) whether an attack on a judgment is barred by a former final order denying a motion to vacate the judgment.

Eli D. Harris was accidentally killed on August 26, 1935. Immediately thereafter M. L. Harris, his brother, applied for and obtained letters of administration upon his estate, giving no notice thereof to plaintiff. On October 30, 1935, plaintiff, claiming to be the widow of deceased because of an alleged common-law marriage, filed an instrument in the probate proceeding denominated "Petition of Heir." In it she stated that she was the surviving spouse of Eli D. Harris, deceased, and prayed that she be decreed one-half of his estate. She did not object to the appointment of M. L. Harris as administrator, but prayed that only such funds "as may be necessary to pay the debts, if any, and the costs of administration", be left in his hands. Her claim to the status of widow was resisted by the other heirs of deceased, including M. L. Harris in his individual capacity, and the matter was not heard by the county court until in October, 1936. At that time the court adjudged plaintiff to be the surviving

spouse of deceased. An attempted appeal was dismissed by the district court on January 27, 1937, and we affirmed the order of dismissal on January 25, 1938 (Love, Adm'r, v. Wilson, 181 Okla. 558, 75 P. 2d 876), and the order adjudging her to be the widow became final.

On April 16, 1936, while plaintiff's claim was pending in the county court, M. L. Harris, as such administrator, filed an action in the district court of Lincoln county against defendants, Southwest Telephone Company and Town of Prague, to recover damages for the wrongful death of Eli D. Harris, alleging that his death was caused by concurring negligence on the part of defendants. He further alleged that deceased, at the time of his death, was a single man and left no issue, but that his brothers and sisters and certain others were his sole next of kin. An agreed judgment for $1,250 was entered and paid on May 23, 1936.

On May 25, 1936, plaintiff filed a motion to vacate the judgment, alleging that she was the widow of deceased, that her claim had been on file and pending in the county court since October 30, 1935, and that M. L. Harris had obtained the judgment by fraud in that he concealed the existence of plaintiff's claim from the court. Defendants filed responses to the motion and the matter was tried and taken under advisement on July 14, 1937. On July 19, 1937, the county court removed M. L. Harris as administrator of the estate of Eli D. Harris and appointed E. C. Love special administrator in his stead. This was suggested to the district court on July 21, 1937, the day on which the court was to announce its decision in the matter of vacating the judgment, and the court thereupon substituted Love as plaintiff in the place of M. L. Harris. Love then moved to vacate the judgment of May 23, 1936, on the same grounds as those alleged by plaintiff, plaintiff withdrawing her motion. The motion was denied. Notice of appeal was given but no appeal was ever perfected

and the order denying the motion to vacate the judgment on the ground of fraud became final. On August 26, 1937, Love, as special administrator, commenced the present suit for damages on behalf of plaintiff as the surviving spouse of deceased. He alleged the same acts of negligence on the part of defendants as were alleged in the former suit by M. L. Harris, administrator, but made no mention of that action. The title of the case appears in its present form because of the later substitution of plaintiff as administratrix of the estate. Defendants, by answer, pleaded the former judgment as res judicata and consequently as a complete bar to the present action. Plaintiff, by reply, alleged most of the facts above set out, and in addition asserted that the defendants as well as M. L. Harris had actual knowledge of her claim or were charged with notice thereof, and that the former action was a fraudulent scheme to procure the rendition of a judgment for a nominal sum on behalf of the next of kin, who sustained no loss, rather than on behalf of the widow, who had sustained loss of support.

Defendants' motion for judgment on the pleadings was sustained, and plaintiff appeals.

1. Plaintiff contends that the former judgment is not res judicata of the present action because neither the parties nor the issues are the same. She asserts that there is no identity of parties because in the former action the administrator sued as trustee for the next of kin, while here the administratrix sues as trustee for the surviving spouse. She says that there is no identity of subject matter because in the former action the issue was the amount of damage sustained by the next of kin, while in the instant suit the issue is the damage sustained by the widow. It is apparent that the two amounts might differ greatly.

The question, however, is not what was determined, but whether the statute gives more than a single cause of action, for it is settled that a judgment

upon a cause of action is res judicata, and hence bars the parties and their privies in a subsequent suit on the same cause of action, as to all matters which might have been, as well as those that actually were, determined. Hine v. Board of Com'rs of McClain County, 188 Okla. 260, 108 P. 2d 112; St. L. & S. F. Ry. Co. v. Thompson, 139 Okla. 142, 281 P. 565. The real question, therefore, is whether the administrator, in contemplation of law, brings the action for all of the rightful beneficiaries, whoever they may be, and whether named in the petition or not.

In deciding this question we must not confuse the cause of action and the person in whom it is vested with the beneficial interest in the recovery. By the great weight of authority statutes like ours creating a right to recover damages for wrongful death are held to contemplate but a single cause of action. 16 Am. Jur. 103; 25 C. J. S. 1148-1149; 8 R. C. L. 790; 17 C. J. 1250. This action is generally vested in the administrator if one exists (25 C. J. S. 1169-1174) and a recovery by him or the one entitled to sue is conclusive upon other persons, for the right given by the statute is then exhausted. Hartigan v. Southern Pac. R. Co., 86 Cal. 142, 24 P. 851; Freeman on Judgments (5th Ed.) § 618, p. 1273. In accordance with these general rules it is generally held that the person in whom the cause of action is vested may settle or compromise the claim, even without the consent of the beneficiaries, and the settlement so made may be pleaded in bar of a subsequent action. 25 C. J. S. 1146; 16 Am. Jur. 41-42, 107; 103 A.L.R. 445 note; Marm v. Minnesota Elec. Light & Power Co., 43 Fed. 2d 36. The courts likewise generally hold that a judgment for one entitled to sue bars a subsequent action by a posthumous child, even though the statutes declare that a child conceived, but not yet born, is to be deemed an existing person. 16 Am. Jur. 103; 25 C. J. S. 1149; 17 C. J. 1251; Gulf and Ship Island R. Co. v. Bradley, 110 Miss. 152, 69 So. 666, Ann. Cas. 1918D, 554; Ann. Cas. 1918D, 556 note. L. R. A.

1916E, 130 note; Parmley v. Pleasant Valley Coal Co., 64 Utah, 125, 228 P. 557. While an adjudication in favor of one entitled to sue is conclusive and bars a subsequent action against the defendants, the beneficial interest in the recovery belongs to the persons designated by the statute, and they may participate in the fund recovered in the first action even though not named in the pleadings. 16 Am. Jur. 175; Oyster v. Burlington Relief Dept., 65 Neb. 789, 91 N. W. 699, 59 L. R. A. 291.

Except for the case of L. E. Myers Co. v. Ross, 161 Okla. 186, 17 P. 2d 395 (to be presently discussed), we have consistently followed the general rules above set out in the application of our wrongful death statutes, 12 O. S. 1941 §§ 1053, 1054. We have said that the statutes contemplate but a single cause son, 139 Okla. 142, 281 P. 565; Cowan v. A., T. & S. F. Ry. Co., 66 Okla. 273, 168 P. 1015; L.R.A. 1918 B, 1141; Shawnee G. & E. Co. v. Motsenbacker, 41 Okla. 454, 138 P. 790), and that a recovery by one suing in a representative capacity "is nevertheless a bar to any other action by the children of deceased not named in the complaint, and, if final, becomes res adjudicata as between these children and the defendants, but that they are not barred from sharing in the distribution upon proper proceedings if they so desire." St. L.-S. F. Ry. Co. v. Thompson, above. See, also, Mann v. Minnesota E. L. & P. Co., above.

However, in the case of L. E. Myers Co. v. Ross, above, this court held that where one claiming to be the surviving spouse was appointed administratrix and recovered judgment for the wrongful death of her alleged husband, such judgment did not bar a subsequent action by a successor administrator for the benefit of the true widow; that the former judgment was not res judicata of the second action because the subject matter was not the same; and that in the first case the right involved was the damage suffered by the alleged widow, and in the second the damage suffered by the true widow. The Okla-

homa cases above cited were not mentioned in the opinion. It is apparent that the case is in conflict with the great weight of authority and with the other Oklahoma cases on the subject. Proper weight was not given to the fact that the right to recover for wrongful death is given only by the statute, and that the action must stand or fall by the terms thereof. Since the statute contemplates but one cause of action vested in a single person, a recovery by that person exhausts the remedy given, and it makes no difference whether the damage to all of the beneficiaries was determined or not. The case of L. E. Myers Co. v. Ross, above, is therefore overruled. We are not unmindful of the fact that in some instances the amount of recovery will be substantially less because the damage sustained by the omitted beneficiaries will not be in evidence. But the Legislature probably thought that the desirability of avoiding divided authority over the cause of action and of encouraging settlements by protecting defendants willing to compromise outweighed such considerations. The opposite view, with which we do not agree, is followed in the case of Atlantic Greyhound Lines, Inc., v. Keesee, 111 F. 2d 657.

The question of what rights plaintiff may have against M. L. Harris and his bondsmen or the next of kin, to whom the recovery has been distributed, are not presented and we intimate no opinion thereon. We decide only that so long as the former judgment stands it is res judicata of the cause of action and bars further recovery from the defendant for the same wrongful death.

2.  The next question presented is whether the pleadings disclose that the judgment was obtained by extrinsic fraud, thus entitling plaintiff to relief therefrom in equity.

It will be recalled that plaintiff's predecessor, E. C. Love, filed a motion to vacate the judgment obtained by Harris upon the ground of fraud; that the order overruling the motion became final; and that defendants, by their answer,

pleaded such order as a final adjudication of that issue. Plaintiff, by reply, denied all the allegations of the answer not specifically admitted, and, although she admitted the existence of the judgment, she did not mention the motion to vacate it nor the final order overruling such motion. While the pleadings thus technically deny the existence of any proceedings to vacate the judgment, they were, nevertheless, a proper subject of judicial notice, since a trial court in such a case may take judicial notice of proceedings formerly pending before it. Haffner v. Commerce Trust Co., 188 Okla. 532, 111 P. 2d 479; Corliss v. Davidson & Case Lumber Co., 183 Okla. 618, 84 P. 2d 7; Schneider v. Decker, 144 Okla. 213, 291 P. 80. All of such proceedings are incorporated in the casemade and are before us. Although worded differently, the allegations of fraud contained in the motion to vacate the judgment and the reply are substantially identical except that in the motion to vacate it was alleged merely that defendants were charged with notice of plaintiff's claim, while in the reply it was alleged that they actively participated in the fraud.

In the case of Brett v. Fielder, 136 Okla. 222, 277 P. 216, we held that a motion to vacate a judgment, if allowed to become final, is res judicata "as to all questions which were put in issue by said motion and as to all material questions which might properly have been put in issue."

It follows that the question of fraud and collusion having been finally adjudicated in a proceeding within the judicial knowledge of the court, plaintiff's allegations in regard thereto contrary to such adjudication must be disregarded.

Plaintiff contends, however, that the final order is not conclusive as to her, because her motion was withdrawn, and only the motion of E. C. Love, special administrator, was overruled. But the bar of a judgment extends not only to the parties thereto, but to their privies as well. 34 C. J. 525; 31 Am. Jur. 179.

We have defined the term "privity" as a "mutual or sucessive relationship to the same rights or property." Arnold v. Joines, 50 Okla. 4, 150 P. 130. Since plaintiff brings the present action as administratrix, she is in privity with E. C. Love, her predecessor in office, and is concluded by the judgment against him. 50 C. J. 404; 30 Am. Jur. 957; Schendel v. Chicago, M. & St. P. Ry. Co., 168 Minn. 152, 210 N. W. 70; Succession of Spyker (La. App.) 159 So. 347. Plaintiff is also in privity with Love because his motion to vacate the judgment was made solely for her benefit, and a beneficiary is concluded by a judgment against one properly suing on his or her behalf in a representative capacity. St. L. & S. F. Ry. Co. v. Stuckwish, 137 Okla. 251, 279 P. 683; Chicago, R. I. & P. Co. v. Schendel, 270 U. S. 611, 46 S. Ct. 420, 70 L. Ed. 757, 53 A. L. R. 1265.

3. Plaintiff finally contends that because no notice was given her and because she had a prior right to the appointment, the order granting letters of administration to M. L. Harris was void and he had no authority to maintain the action in the district court.

This is simply an additional ground for the vacation of the judgment which might have been urged in the motion setting up the ground of fraud. Under the authorities above cited, this matter was merged in the final order denying the motion to vacate and may not be re-examined here.

Furthermore, the proceedings leading up to the appointment of Harris as such administrator are not in the record before us, and plaintiff does not argue that the order of appointment is void on the face of the record so as to be subject to collateral attack. See 58 O. S. 1941 § 232; Green v. Yearger, 114 Okla. 283, 251 P. 1008; King v. Salyer, 172 Okla. 130, 44 P. 2d 11.

Affirmed.

CORN, C. J., GIBSON, V. C. J., and OSBORN, BAYLESS, DAVISON, and ARNOLD, JJ., concur. RILEY and WELCH, JJ., dissent.

RILEY, J. (dissenting). Eli D. Harris departed this life August 26, 1935, by wrongful death, and left surviving him his widow, Leanna Wilson-Harris. Thereafter, M. L. Harris, a brother of deceased, without notice to the surviving widow, but by pleading representing her nonexistence, wrongfully made application and was appointed administrator of deceased's estate. According to plan, this administrator instituted an action for the wrongful death of decedent and, as the result of agreements with defendants, obtained a judgment in a sum adequate only to compensate for damages to the next of kin as a result of the wrongful death. M. L. Harris was removed as administrator and the widow, as successor, instituted the present action, alleged that deceased died without issue, leaving surviving as his only dependent, his widow, Leanna Wilson-Harris.

The rule heretofore prevailing in this jurisdiction is that an action such as the case at bar is not precluded by a former judgment rendered in an administrative capacity where benefits are not extended to the surviving widow. L. E. Myers Co. et al. v. Ross, Adm'r, 161 Okla. 186, 17 P. 2d 395. The principle indulged in that decision was:

"The identities required for an estoppel by res adjudicata are lacking."

In the former suit now pleaded in bar the widow was not a party, nor was she represented, although by statute the cause of action was created for her benefit and it was specifically provided by statute that:

". . . The damages must inure to the exclusive benefit of the surviving spouse and children, if any, or next of kin; . . ." 12 O. S. 1941 § 1053.

By virtue of the statute creating the cause of action, investing the power to sue in a personal representative, it is made plain by use of the disjunctive "or" that the de facto administrator was bound to represent either the surviving spouse or the next of kin. It is equally plain from the pleadings filed in the

original action that M. L. Harris as administrator elected to represent the next of kin, to the exclusion of the widow. There were no children. Likewise, it is admitted that substantial damages inured to the widow's interests rather than the nominal amount of damages recovered under the first agreed judgment for those who constituted the next of kin.

Requisites of the plea of res adjudicata are four in number, and they extend to (1) the identity of the thing sued for; (2) the cause af action; (3) persons to the action; and (4) equality of the person for and against whom claim is made. Davis v. Brown, 94 U. S. 423, 24 L. Ed. 204.

It is manifest in the case at bar that the thing sued for, to wit, money damages, would not be identical in amount with that obtained in the former suit. The damage varies according to identity of the person who is beneficiary and the fluctuation in amount has a direct relation with the state of dependency upon the deceased person. It naturally follows that the equality of the person for whom claim for wrongful death is made in the two causes of action is not identical.

Res adjudicata is based upon the maxims that one should not be twice vexed for the same cause, and that for the public good there should be an end to litigation. Wisconsin v. Torinus, 28 Minn. 175, 9 N. W. 725. But a maxim of equal importance in the jurisprudence of Oklahoma is that no man shall suffer wrong. Moreover, not every judgment obtained by a personal representative is a bar to a subsequent action. Myers v. Ross, supra; Spokane & Inland Empire Railroad Co. v. Whitley, 237 U. S. 487, 35 S. Ct. 655, 59 L. Ed. 1060; Atlantic Greyhound Lines, Inc., v. Keesee, 111 Fed. 2d 657.

Where a mother's cause of action for wrongful death is not within the scope of a representative action, which was brought without her sanction, she cannot, under the Idaho law, be barred by a former judgment rendered. Spokane & Inland Empire Railroad Co. v. Whitley, supra.

Substance, not form, governs "in determining whether widow was concluded by judgment in death action brought under Virginia statute . . . by administrator." Atlantic Greyhound Lines, Inc., v. Keesee, supra.

The rule of justice elsewhere prevails that:

"The rights of widow seeking recovery . . . for wrongful death of husband are her own and not those of deceased husband, and hence she or someone suing in her behalf is an indispensable party to a suit which is to determine her rights." Atlantic Greyhound Lines, Inc., v. Keesee, supra.

In the case last cited, as here, the defendants "fought for the privilege" to pay the judgment first rendered, but it was held not conclusive as to the widow's right.

According to the Supreme Court of the United States (Chicago, Rock Island & Pacific Ry. Co. v. Schendel, Adm'r, 270 U. S. 611, 46 S. Ct. 420), "The question of identity of parties . . . must be determined as a matter of substance and not of mere form."

Consequently, it matters not whether the former judgment, wherein damages were limited to that sustained by the next of kin, be vacated, because that judgment is in no way compensatory of the widow's damage.

In Davis v. Brown, supra, it was held by the Supreme Court of the United States, in an opinion prepared by Mr. Justice Field, that when a judgment in one action is offered in evidence in a subsequent action between the same parties, upon a different demand, it operates as an estoppel only upon matters actually at issue and determined in the original action, and that such matter, when not disclosed by the pleadings, must be shown by extrinsic evidence. Consequently, it is plain that the issue in the first judgment agreed upon was whether the deceased suffered

wrongful death by acts of defendant and, if so, how much damage was suffered by the next of kin; whereas, the issue in the case at bar does not concern damage to the next of kin, but damage to the surviving widow. The majority opinion is in error in holding that the first judgment is conclusive as to all things that might have been litigated in the first judgment because under the pleading there filed damages only were sought for the next of kin, and under the issues there joined the existence of the widow and her right of recovery were excluded.

The majority opinion cautions the writer and the concurees "That in deciding this question we must not confuse the cause of action and the person in whom it is vested with the beneficial interest in recovery," and promptly proceeds to do that very thing. Without doubt the cause of action is vested in the widow. She may bring the action in her own name. The administrator acts solely in a representative capacity and as trustee of those he purports to represent. At common law there was no right of recovery for wrongful death and the right never existed in England until the passage of Lord Campbell's Act.

"The statutes almost universally provide that the action authorized shall be for the exclusive benefit of designated persons, members of the family or next of kin of decedent." 17 C. J. 1210.

The statutory beneficiary in this case is neither the next of kin nor the estate nor the administrator, but the surviving wife. Aetna Casualty & Surety Co. v. Young, 107 Okla. 151, 231 P. 261; Frederick Cotton Oil Co. v. Clay et al., 50 Okla. 123, 150 P. 451.

". . . The executor or administrator, as such, has no beneficial interest in the recovery, but is a mere statutory trustee for the persons beneficially entitled under the statute; the recovery is not assets of the estate." 17 C. J. 1210.

". . . As the action is wholly statutory, where the beneficiaries are named, the action cannot be maintained by or

for the benefit of any one not within the statutory designation." Idem.

From the beginning, it clearly appears that the administrator has no right of recovery at all, since a recovery never goes into the coffers of an estate, unless the case is bottomed upon the claim of a rightful beneficiary.

"There is no privity where plaintiff is suing in different rights, as where an administrator is suing in one action for the benefit of those interested in the estate, and in the other for the benefit of the next of kin." 34 C. J. 1012; Alfrey v. Colbert et al., 44 Okla. 246, 144 P. 179.

It is admitted in the case at bar that the action terminating in the agreed judgment now urged to be conclusive was bottomed on the wrongful claim of a mere purported beneficiary. Defendants did not see fit to contest the issue of the real party in interest, but for reasons best known to them hurriedly paid the judgment. Upon the simple equation presented, the joint tort-feasors may as well have paid to John Doe the damages accrued to Richard Roe as a result of their wrongful acts. The widow occupied no antagonistic relations with defendants in the former suit. By her claim she has vexed the defendants but once. 34 C. J. 996.

The question of who is the real party in interest in an action brought by an administrator for and on behalf of some named beneficiaries under the statute has heretofore been a justiciable issue within this jurisdiction. St. Louis-S. F. Ry. Co. v. Stuckwish, Adm'x, 137 Okla. 251, 279 P. 683. In the cited case, Stuckwish suffered wrongful death and, as in the case at bar, two actions were brought to recover damages, one by the personal representative and the other in a representative action for the benefit of the widow, as in the case at bar, and three minor children. That case turned upon the plea of res adjudicata, as does the case at bar. However, in the cited case the beneficiaries were the same in both suits. Our court then deemed it a duty to ascertain whether

202

or not the parties in interest were the same in both actions. In the 4th paragraph of the syllabus we said:

"The question of identity of parties in two actions is of substance; parties nominally the same may be in legal effect different, and parties nominally different may be in legal effect the same. They are the same where, in the first case, an action for damages for the accidental death of an employee of a railroad company was brought by the surviving wife, individually, and as the personal representative of her three children, for the benefit of all, and in the second case, brought by the personal representative of the estate of which the parties in the first case are the beneficiaries and for whose benefit the second action is brought."

The point of law identical with the issue now presented was that the court in considering the plea of res adjudicata should and would consider and determine whether the real party in interest was the same in the two suits. If they are, the plea of res adjudicata is good. Otherwise, as a part of due process of law, the real party in interest is entitled to a day in court. That rule of law prevailed within this jurisdiction as long ago as the decision in Missouri, K. & T. Ry. Co. v. Lenahan, 39 Okla. 283, 135 P. 383. It is a substantial part of our jurisprudence. The contrary rule now promulgated will deprive women and children of the right given by statute to prosecute claims to compensate them for wrongful death. Without a particular examination, I cannot fancy the establishment of such a rule within this state, contrary to and destructive of a long-existing policy admittedly just, that would cause Leanna Wilson- Harris, or any other widow, to stand at the new-made grave of her stricken spouse without right or remedy for wrongs inflicted upon her.

For these reasons, I respectfully dissent.